[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19 2000
THOMAS K. KAHN
CLERK

_____

No. 99-10110
Non-Argument Calendar

_____

D. C. Docket No. 99-00201-CIV-T-26F

JOHN T. HEPBURN,

Petitioner-Appellant,

versus

MICHAEL W. MOORE,
ROBERT A. BUTTERWORTH,
Attorney General of the
State of Florida,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____
**(June 19, 2000)**

Before EDMONDSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Appellant John T. Hepburn filed a *pro se* 28 U.S.C. § 2254 habeas corpus petition alleging his Sixth and Fourteenth Amendment rights were violated when he was denied counsel during re-sentencing on state burglary and assault charges. The district court dismissed his petition, finding it was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). We conclude the district court erred in determining Appellant's challenge to his resentencing hearing was barred by the AEDPA's statute of limitations. We therefore vacate and remand.

We review questions of law presented in a § 2254 petition de novo. *See Freund v. Butterworth*, 165 F.3d 839, 861 (11th Cir.) (en banc), *cert. denied*. 120 S. Ct. 57 (1999). The district court's interpretation and application of a statute of limitations is a question of law that is subject to de novo review. *See United States v. Gilbert*, 136 F.3d 1451, 1453 (11th Cir. 1998).

The issue presented in this case is whether the statute of limitations for a habeas petition challenging a resentencing court's judgment begins to run from the date of the judgment of the resentencing hearing, or whether the limitations period should relate back to the date of the judgment of the original conviction. The plain meaning of the statute supports the conclusion that the statute of limitations runs from the date of the resentencing judgment and not the date of the original judgment. Under the AEDPA,

the statute of limitations is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244 (d)(1)(A). The judgment Appellant seeks to challenge is the judgment at resentencing. The statute of limitations therefore began to run on October 23, 1998, the date the resentencing order became final by the conclusion of direct review.

This conclusion is supported by the analysis used in cases concerning the impact of resentencing on whether a petition is considered second or successive under the AEDPA. While this case does not involve a second or successive petition, the courts' reasoning is persuasive here. Every circuit that has addressed the issue has agreed that, under the AEDPA, when new claims originate at resentencing, those claims may be brought in a subsequent habeas petition without the necessity of obtaining permission from the circuit court before filing the petition. *See, e.g.*, *In re Taylor*, 171 F.3d 185, 187-88 (4th Cir. 1999) (holding that when a prisoner raises new issues that originated at resentencing, the habeas petition raising those new issues is not second or successive); *Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997) (holding that a petition challenging aspects of resentencing that could not have been raised in the first petition is not a second or successive petition within the meaning of § 2254); *Galtieri v. United States*, 128 F.3d 33, 37-38 (2d Cir. 1997) (holding that new

petitions are not second or successive to the extent they seek to vacate a new, amended component of the sentence); *United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir. 1997) (holding that a prisoner's motion to vacate was not successive where his first motion to vacate resulted in resentencing and reinstatement of his right to direct appeal). These cases stand for the proposition that the AEDPA cannot be interpreted to require a prisoner to raise claims before they arise, including claims that originate in the context of resentencing.

Appellant, therefore, has not lost his opportunity to raise claims relating to his resentencing in a federal habeas corpus petition. Under AEDPA's one-year statute of limitations, Appellant had until October 23, 1999, to file a habeas petition presenting constitutional challenges to his resentencing. His January 26, 1999, habeas petition therefore was timely, and the district court erred in dismissing the petition.

VACATED AND REMANDED.