[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 02-10257
Non-Argument Calendar
_____

D.C. Docket No. 01-03053-CV-PCH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 13, 2002
THOMAS K. KAHN
CLERK

KRISHNA MAHARAJ,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(September 13, 2002)

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Krishna Maharaj, a Florida state prisoner, appeals the district court's dismissal of his counseled federal habeas corpus petition, brought under 28 U.S.C. § 2254. Because Maharaj filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No 104-32, 110 Stat. 1214 (1996), the provisions of that act apply. Because Maharaj's resentencing had not occurred at the time he filed his habeas petition, his state court judgment had not become final, and thus his habeas petition, which challenged all of his convictions and sentences, was not ripe for review. Accordingly, the district court's dismissal without prejudice, which will allow Maharaj to refile his habeas petition now that the state court has completed its resentencing, was not in error. Accordingly, we AFFIRM.

## I. BACKGROUND

Maharaj, serving three life sentences for one count of first degree murder and two counts of armed kidnapping, a 15-year sentence for unlawful possession of a firearm while engaged in a criminal offense, and who was awaiting resentencing on another conviction for first degree murder, filed a habeas corpus petition on 12 July 2001 in the district court challenging his convictions and sentences on a variety of constitutional grounds. Folder 1, Petition for Writ of Habeas Corpus.

2

Maharaj challenged his "convictions and sentences," and more specifically, "his convictions and sentence of death," not just the convictions and non-capital sentences that had become final at the time of filing. Id. at ¶¶ 25, 88. The state filed a motion to dismiss, contending that, as the state court had not resentenced Maharaj, his federal habeas petition was not yet ripe for review. R1-10.

Maharaj replied to the motion to dismiss, arguing that (1) all of his convictions had become final, although he was awaiting resentencing on the capital conviction, (2) he had exhausted his state remedies to challenge his convictions, so his petition must be considered or run the risk of being considered time-barred under the AEDPA, and (3) he already had been imprisoned for 14 years, due to delays that were the fault of the state, which prejudiced him greatly. R1-11. The state replied, contending that Maharaj's case was not yet final for the purposes of triggering the AEDPA's statute of limitations because he had not been resentenced, and thus he would not lose his right to seek habeas relief regarding any of his convictions.

The magistrate judge issued a report, recommending that the state's motion to dismiss be granted without prejudice to Maharaj to allow him to refile his federal habeas petition after the state court had resentenced him. R1-16. The magistrate judge summarized the lengthy procedural history of the case, which is

undisputed by the parties. The magistrate judge recommended dismissing Maharaj's habeas petition, relying on the Ninth Circuit decision in <u>Colvin v. United States</u>, 204 F.3d 1221 (9th Cir. 2000) to conclude that the district court should not review the petition until Maharaj's state court judgment had become final after resentencing. R1-16 at 8-10. The magistrate judge stated that the statute of limitations under the AEDPA would not begin to run until Maharaj had been resentenced, and that as long as Maharaj timely filed his habeas petition after the resentencing, the state would be estopped from presenting the time-bar argument. <u>Id</u>. at 9. The magistrate judge reasoned that, although the habeas petition clearly addressed the non-capital convictions, Maharaj had "painted his claims with such a broad brush [that] the Petition also encompasses the offense for which he is still subject to the death penalty," and that it would be impossible to separate the habeas claims that only applied to the non-capital convictions from the claims that applied to the as-yet unsentenced capital conviction. <u>Id</u>. at 7-8.

The district court granted the state's motion to dismiss and overruled Maharaj's objections to the magistrate's report. R1-19. The court stated that "the critical question is whether, under the unusual circumstances presented here, [Maharaj's] convictions may be now considered separately from and before determination of, the sentence ultimately given for the Young murder." <u>Id.</u> at 2.

The court cited two guiding principles: (1) federal courts should avoid premature interference with ongoing state proceedings, Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971), and (2) the AEDPA was designed to eliminate successive, piecemeal petitions for habeas corpus relief. Id. With these two principles in mind, the court determined that Maharaj's habeas petition was not ripe for adjudication. Id. The court noted that Maharaj's petition sought relief from all of his convictions and sentences, and that "the letter and the spirit of the AEDPA" suggested that it would be appropriate to review Maharaj's petition only after the state court had resentenced Maharaj. Id. at 3. The court also found that the state would be estopped from reversing its position and attempting to raise a statute of limitations defense to a subsequent petition that was timely filed. Id. The court dismissed Maharaj's habeas petition without prejudice.

Maharaj filed a motion for certificate of appealability (COA), which the district court granted: "the question of whether a petition for a writ of habeas corpus in a case in the same procedural posture as this one should be heard, or dismissed without prejudice, is one of first impression in the Eleventh Circuit, and is therefore one on which reasonable jurists may differ." R1-21. Maharaj proceeded with the instant appeal.

## II. DISCUSSION

Maharaj argues that, although he was awaiting resentencing on one of the state court convictions at the time he filed his habeas petition, because it has taken more than 15 years for the state court to vacate his death sentence and remand for resentencing, and because the other four non-capital state court convictions and sentences were final at that time and ripe for review, he should not have to wait any longer to attempt to obtain federal habeas relief. He contends that his non-capital convictions do not implicate the state court's grant of post-conviction resentencing relief as to the capital conviction. Maharaj also avers that the district court's dismissal of his habeas claims as to the four final state convictions, by causing further delays in the habeas review process, thwarted Congress' desire to expedite this process. He further maintains that, if he is not allowed to proceed in habeas as to the final, non-capital convictions and sentences, he will be time-barred from bringing these claims in a federal habeas proceeding after he is resentenced on the capital conviction.

We review de novo a district court's denial of a habeas petition under 28 U.S.C. § 2254. Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001), cert. denied, __ U.S. __, 122 S. Ct. 1367 (2002). Before bringing a habeas petition in federal court, a petitioner must exhaust all state court remedies that are available

6

for challenging his conviction, and the petitioner is not "deemed to have exhausted the remedies available in the courts of the state . . . if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (b) and (c). The one-year period of limitation for filing a federal habeas petition runs, in pertinent part, from the date on which the petitioner's judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). In the context of a federal habeas petition, the statute of limitations runs from the date of state court resentencing and not the date of the original judgment. Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000).

As the district court noted and the parties contend on appeal, we apparently have not addressed directly whether a district court may consider a state prisoner's federal habeas petition, when all of the petitioner's convictions have become final, and four of his sentences have become final, but he is awaiting resentencing on a capital count. However, the Supreme Court's decisions in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971), and Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, (1982), our decision in Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992), and the Ninth Circuit's decision in Colvin v. United States, 204 F.3d 1221 (9th Cir. 2000), provide sufficient guidance to resolve this issue.

7

In Younger, the Supreme Court held that, except in extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. Younger, 401 U.S. at 53-54, 91 S. Ct. at 755. The Court expressed the national public policy against federal court interference with ongoing state court proceedings, based in part on the notion of "'comity,' that is, a proper respect for state functions . . . and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id., 401 U.S. at 44, 91 S. Ct. at 750. In Rose, which concerned the exhaustion requirement under § 2254, the Supreme Court stated that the exhaustion requirement is not jurisdictional but derives from principles of comity, which "protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose, 455 U.S. at 518, 102 S. Ct. at 1203. The Court reasoned that "requiring dismissal of petitions containing both exhausted and unexhausted claims will relieve the district courts of the difficult if not impossible task of deciding when claims are related, and will reduce the temptation to consider unexhausted claims." Id., 455 U.S. at 519, 102 S. Ct. at 1204. If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice. See id., 455 U.S. at 519-20, 102 S. Ct. at 1203-04. In Clisby, we

8

expressed our concern over the piecemeal litigation of federal habeas petitions filed by state prisoners, and stated that "[p]olicy considerations clearly favor the contemporaneous consideration of allegations of constitutional violations grounded in the same factual basis: a one-proceeding treatment of a petitioner's case enables a more thorough review of his claims, thus enhancing the quality of the judicial product." Clisby, 960 F.2d at 936 (quotation and citation omitted).

In Colvin, the petitioner had been convicted of one count of conspiracy to distribute cocaine and three counts of aiding and abetting in the distribution of cocaine. Colvin, 204 F.3d at 1222. Colvin appealed his convictions, and the Ninth Circuit affirmed in part and reversed in part. Id. On remand, the district court amended the judgment, and Colvin immediately filed a motion to vacate under 28 U.S.C. § 2255. Id. When Colvin filed his habeas petition, the time to appeal the district court's amended judgment had not yet elapsed. Id. The Ninth Circuit held that, in a case in which an appellate court partially or wholly reverses a defendant's conviction or sentence and remands to the district court, the petitioner's judgment does not become final — and the statute of limitations under § 2255 does not begin to run — until the time for appealing the entire amended judgment has passed. Colvin, 204 F.3d at 1225. The Ninth Circuit reasoned that this bright-line approach was easy to follow, would avoid speculation and litigation about the

finality of the judgment, would allow defendants to exhaust their appeals on direct review before bringing collateral attacks, and comported with that court's rule that a district court lacks authority to entertain a habeas petition while direct review is pending. Id. at 1225-26. We agree.

## III. CONCLUSION

Because Maharaj's resentencing had not occurred at the time he filed his habeas petition, his state court judgment had not become final, and thus his habeas petition, which challenged all of his convictions and sentences, was not ripe for review at that time. Accordingly, the district court's dismissal without prejudice, which will allow Maharaj to refile his habeas petition now that the state court has completed its resentencing, was not in error.

**AFFIRMED.**