**Obadyah BEN–YISRAYL,**
**Petitioner–Appellant,**

v.

**Cecil DAVIS, Respondent–Appellee.**

No. 03–1851.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 27, 2004.

Decided Oct. 29, 2004.

John N. Gallo, Sidley Austin Brown & Wood, Chicago, IL, for Petitioner–Appellant.

Steve Carter, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before FLAUM, Chief Judge,
MANION, and WILLIAMS, Circuit Judges.

ORDER

On May 4, 1992, a jury convicted Ben–Yisrayl of two counts of murder, but recommended against the death penalty. On June 5, 1992, the trial court went against the jury's recommendation, and sentenced Ben–Yisrayl to death. On September 24, 2004, while Ben–Yisrayl's appeal was pending before this court, the Indiana state court granted Ben–Yisrayl's successive petition for post-conviction relief in light of the Indiana Supreme Court's decision in *Saylor v. State*, 808 N.E.2d 646 (Ind.2004).[1] In granting Ben–Yisrayl's successive petition, the Superior Court of Lake County vacated Ben–Yisrayl's death sentence, but did not set a date for him to be re-sentenced. (Lake County Super. Ct. Sept. 9, 2004 Order at 1.) As of the date of this order, Ben–Yisrayl had not yet been re-sentenced.

■ The question here is whether Ben–Yisrayl's convictions may be now considered separately from, and before determination of, the sentence ultimately given by the Indiana state court. The Supreme Court decision in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) answers this question, holding that as a matter of comity, except in extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. 401 U.S. at 53–54, 91 S.Ct. 746. Moreover, general principles of federal appellate jurisdiction require that review of state court proceedings await termination by final judgment, *DiBella v. U.S.*, 369 U.S. 121, 124, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), and in a criminal case, final judgment does not occur until after conviction and the imposition of sentence. *Flanagan v. U.S.*, 465 U.S. 259, 263, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984) (citations omitted). "This insistence on finality and prohibition of piecemeal review discourage[s] undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases." *Di Bella v. U.S.*, 369 U.S. at 124, 82 S.Ct. 654 (citing *Cobbledick v. United States*, 309 U.S. 323, 324–326, 60 S.Ct. 540, 84 L.Ed. 783 (1940)).

Accordingly, because Ben–Yisrayl's re-sentencing has not yet occurred, his state judgment has not become final, and thus his habeas petition is not ripe for review at this time. *See, e.g., Maharaj v. Sec'y for Dep't. of Corrs.*, 304 F.3d 1345, 1349 (11th Cir.2002) (affirming the district court's dismissal with prejudice of a habeas petition where petitioner still awaited re-sentencing at the time he filed his habeas petition).

■ This appeal is DISMISSED for lack of jurisdiction. Ben–Yisrayl will be allowed to refile his federal habeas petition once his state-court proceedings become final and after he exhausts all his state remedies, if any will be available to Ben–Yisrayl after re-sentencing. *See* § 2254(b)(1)(A)-(B). If Ben–Yisrayl decides to refile his federal habeas petition after exhaustion, then the refiled petition will not be considered a second or successive habeas petition.

---

1. In *Saylor,* the Indiana Supreme Court held that death sentences imposed over a jury recommendation against death were "inappro-priate" as a matter of recent amendments to Indiana statutory law. 808 N.E.2d at 651.