[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-13282

_____

D. C. Docket No. 03-00394-CV-ORL-28KRS

JOHN O'NEAL RAINEY,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(**March 29, 2006**)

Before EDMONDSON, Chief Judge, BLACK and FAY, Circuit Judges.

BLACK, Circuit Judge:

Appellant John O'Neal Rainey, Jr. appeals the district court's dismissal of his application for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, as time-barred under the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). We granted a certificate of appealability as to the following two issues:

> (1) Whether the district court properly found that a habeas corpus petitioner who was resentenced and who only challenged the original trial proceedings without raising any challenge based on resentencing procedures is not entitled to the benefit of a new statute of limitations period commencing from the date the resentencing judgment became final.

> (2) If appellant is not entitled to the benefit of a new statute of limitations period commencing from the date his resentencing judgment became final, whether equitable tolling should have been applied when the statute of limitations expired while his post-conviction motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, was pending and it was dismissed without prejudice approximately seven months after filing for failure to comply with Florida's oath requirement.

We hold the Appellant's habeas petition was untimely and, for the reasons set forth more fully below, affirm the district court's order.

I.

On April 10, 1996, Appellant was indicted for first degree murder and attempted robbery with a firearm. A jury found him guilty of both counts on July 14, 1998, and he was sentenced to life in prison for the murder conviction with a concurrent term of 217 months' imprisonment for the attempted robbery conviction. Appellant's convictions and sentence were affirmed on direct appeal on September 28, 1999.

Appellant filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on June 19, 2000. This motion, however, was unsigned and thus not properly sworn as required by the Florida Rules of Criminal Procedure. *See* Fla. R. Crim. P. 3.850(c). The state court dismissed Appellant's post-conviction motion without prejudice because the unsigned motion was not under oath.

On February 13, 2001, Appellant filed a signed motion for post-conviction relief, in which he asserted ten claims regarding ineffective assistance of trial counsel and one claim arguing he was entitled to resentencing. The state court denied Appellant's ineffective assistance claims, but agreed, under *Heggs v. State*, 759 So. 2d 620 (Fla. 2000), Appellant was entitled to resentencing for his attempted robbery conviction. On February 6, 2002, Appellant was resentenced,

3

and his concurrent sentence for attempted robbery was reduced from 217 to 142 months' imprisonment. Appellant then appealed the state court's denial of his ineffective assistance claims. By opinion dated November 26, 2002, the Florida Fifth District Court of Appeal affirmed, and the mandate issued on December 13, 2002.

On March 27, 2003, Appellant petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2254. In his petition,[1] Appellant challenged only the original judgment of conviction; he did not raise any challenge to the resentencing judgment. Appellant argued, under *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003), his application was timely because the one-year limitations period under the AEDPA did not begin until December 13, 2002.[2] The district court disagreed, reasoning the petitioner in *Walker* was entitled to the benefit of a limitations period beginning after resentencing because his petition contained a

---

[1] In the context of an application for writ of habeas corpus under § 2254, we treat the terms "application" and "petition" as interchangeable. Section 2254(b)(1) refers to "[a]n application for a writ of habeas corpus." 28 U.S.C. § 2254(b)(1). The Rules Governing Section 2254 Cases in the United States District Courts, however, refer to a "petition." *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Unless otherwise noted, all references are to the 2003 version of the Rules Governing Section 2254 Cases in the United States District Courts, the version in effect at the time Appellant filed his petition.

[2] Appellant assumes the date the mandate issued on the appellate court's affirmance is the date his resentencing judgment became final for purposes of the AEDPA. We express no opinion as to whether Appellant is correct in this assumption and need not address the issue, as we hold the limitations period on his petition ran from the date his original judgment of conviction became final on December 27, 1999.

claim challenging his resentencing judgment. As Appellant's application challenged only his original judgment of conviction, the limitations period on his petition began when that judgment–not the resentencing judgment–became final. Measuring the one-year statute of limitations from December 27, 1999, the district court found Appellant's petition of March 27, 2003, untimely.[3] The district court also noted neither of Appellant's motions for post-conviction relief tolled the one-year limitations period. This appeal followed.

## II.

The first issue upon which we granted a certificate of appealability is whether a habeas corpus petitioner who was resentenced, but whose application only challenges the original trial proceedings without raising any challenge based on the resentencing judgment, is entitled to the benefit of a new statute of limitations period commencing from the date the resentencing judgment became final. Our case law and the plain language of the statute support the conclusion that when a petitioner who has been resentenced brings an application challenging only his original judgment of conviction, the one-year statute of limitations under

---

[3] The district court noted the state appellate court affirmed Appellant's conviction on September 28, 1999. Appellant then had 90 days, or through December 27, 1999, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13. Thus, for purposes of the one-year statute of limitations under § 2244(d)(1)(A), Appellant's original judgment of conviction became final on December 27, 1999. Absent any tolling, then, Appellant had one year, or through December 27, 2000, in which to file an application for writ of habeas corpus. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

the AEDPA runs from the date the original judgment of conviction became final and not the date the resentencing judgment became final.

We review de novo the district court's determination that a petition for federal habeas corpus relief was time-barred under the AEDPA. *Moore v. Crosby*, 321 F.3d 1377, 1379 (11th Cir. 2003).

The AEDPA imposes a one-year statute of limitations for writs of habeas corpus. Section 2244(d) provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In a series of three decisions, *Hepburn v. Moore*, 215 F.3d 1208 (11th Cir. 2000), *Maharaj v. Sec'y for the Dep't of Corr.*, 304 F.3d 1345 (11th Cir. 2002), and *Walker v. Crosby*, we applied § 2244 and held, under the circumstances, the one-year limitations period began after each petitioner's resentencing judgment became final. Appellant argues his case is analogous to those decisions and, therefore, his application was timely because the limitations period on his petition began on December 13, 2002, the date he asserts his resentencing judgment became final.

We find Appellant's case distinguishable from *Hepburn*, *Maharaj*, and *Walker* because, unlike in those cases, Appellant's petition contested only his original judgment of conviction and in no way challenged his resentencing judgment.[4] A challenge to resentencing is essential to a petitioner's obtaining the benefit of a later limitations period under the AEDPA. A petitioner is permitted to challenge multiple judgments in a single petition under Rule 2(d) of the Rules

---

[4] Despite Appellant's argument to the contrary, the petitions in *Hepburn*, *Maharaj*, and *Walker* each contained a claim challenging the resentencing judgment. *See Hepburn*, 215 F.3d at 1208; *Maharaj*, 304 F.3d at 1346–47; *Walker*, 341 F.3d at 1242.

Governing Section 2254 Cases in the United States District Courts.[5]  Thus, a

petitioner may bring a single application challenging his conviction and

resentencing, as long as those judgments issued from the same state court.  While a

petitioner may challenge several judgments in a single petition, the AEDPA, as we

noted in *Walker*, provides a single limitations period for the application as a whole,

not for each individual claim.  *See Walker*, 341 F.3d at 1245 (opining "[t]he statute

of limitations in § 2244(d)(1) applies to the application as a whole; individual

claims within an application cannot be reviewed separately for timeliness").

Section 2244(d)(1) thus establishes one limitations period for the petition as a

whole running from the latest of several possible triggering dates, including "the

date on which the judgment became final."  28 U.S.C. § 2244(d)(1)(A).  The latest

---

[5] Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District
Courts states:
> [A] petition shall be limited to the assertion of a claim for relief against the
> judgment or *judgments* of a single state court (sitting in a county or other
> appropriate political subdivision).  If a petitioner desires to attack the validity of
> the judgments of two or more state courts under which he is in custody or may be
> subject to future custody, as the case may be, he shall do so by separate petitions.

Rule 2(d), Rules Governing Section 2254 Cases in the United States District Courts (emphasis
added).  By implication, the 2005 version of the Rules contains a similar provision in Rule 2(e),
which states:
> Separate Petitions for Judgments of Separate Courts.  A petitioner who seeks
> relief from judgments of more than one state court must file a separate petition
> covering the judgment or judgments of each court.

The amendment to the rule is purely semantic, as the change was "intended to be stylistic and no
substantive change [was] intended, except [changes not affecting this provision]."  Rules
Governing Section 2254 Cases in the United States District Courts, Rule 2, Rule 2 advisory
committee's notes on 2004 Amendments.

triggering date in petitions challenging both an original judgment of conviction and a resentencing judgment is the date the resentencing judgment became final, as that is the latest date a judgment challenged in the petition became final. *See Walker*, 341 F.3d at 1246. Thus, when a petitioner brings a single petition challenging his original judgment of conviction and his resentencing judgment, the statute of limitations under § 2244(d)(1)(A) runs from the date the resentencing judgment became final.[6]

As each of the petitioners in *Hepburn*, *Maharaj*, and *Walker* challenged their resentencing judgments, we measured the limitations period for those applications from the latest date a judgment challenged in the petition–the resentencing judgment–became final. In those cases, the one-year statute of limitations commenced after the resentencing judgment became final precisely because the petitions in those cases included a claim disputing the resentencing judgment. The resentencing judgment was the last challenged judgment to become final and, therefore, the limitations period ran from that date.

---

[6] Our holding is consistent with the principle, well-recognized as a matter of both federal and state jurisprudence, that resentencing does not affect the finality of the original judgment of conviction. *See, e.g.*, *United States v. Sanders*, 247 F.3d 139, 144 (4th Cir. 2001) (holding "resentencing does not affect the date on which the judgment . . . of conviction became final"). The same rule obtains as a matter of Florida law. *See, e.g.*, *Smith v. State*, 886 So. 2d 336, 338 (Fla. 5th DCA 2004) (concluding "the resentencing did not affect the finality of [the appellant's] judgment [of conviction]"). While the interpretation of § 2244 is a matter of federal law, we remain sensitive to state law where appropriate. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).

Appellant, unlike the petitioners in *Hepburn*, *Maharaj*, and *Walker*, does not challenge the resentencing judgment; rather, his petition disputes only his original judgment of conviction. As the limitations period for an application runs from the latest of the dates on which a judgment challenged in the application became final, the limitations period for Appellant's petition began to run, absent any tolling, when his original judgment of conviction became final on December 27, 1999. Appellant's petition of March 27, 2003, is, therefore, untimely under the one-year limitations period of the AEDPA.

This result is consistent with the plain language of the AEDPA. In this case, § 2244(d)(1)(A) statutorily prescribes the limitations period to run from the latest of "the date[s] on which the judgment became final." 28 U.S.C. § 2244(d)(1)(A). This language compels a conclusion that the latest possible triggering date for a petition challenging only the original judgment of conviction is the date on which that judgment became final. Thus, under a plain reading of the AEDPA, the limitations period on Appellant's petition began when the original judgment of conviction became final on December 27, 1999.

Appellant asserts our conclusion has the undesirable consequence of creating a classic Catch-22 for petitioners like himself. To get the benefit of a later limitations period under the AEDPA, he argues, our decision places him in the

10

position of having to either raise claims challenging resentencing before they arise or wait until resentencing becomes final to file his petition. If he challenges resentencing before that judgment becomes final, Appellant contends, *Maharaj* makes it clear his petition will be unripe and unreviewable. Appellant argues he is then forced to jeopardize his claims challenging his original judgment of conviction by waiting until resentencing becomes final to file his application. If no claims arise during resentencing, however, his petition challenging the original judgment of conviction is deemed time-barred by our decision. Thus, Appellant argues petitioners like himself have no way of preserving claims challenging their judgments of conviction because their petitions are always unripe or untimely.

We are not convinced our decision creates such a quandary. *Maharaj* simply demonstrates when a petitioner files an application challenging, in part, a judgment which is not final, the petition is not ripe for review until that judgment becomes final.[7] *Maharaj* and our decision are consistent, however, in noting such premature petitions will be timely if filed after the disputed judgment becomes final, as the limitations period commences on the latest date a judgment challenged in the petition becomes final. Similarly, petitioners like Appellant are not forced to

---

[7] It is unclear whether, under *Maharaj*, Appellant's petition would have actually been unripe had he filed it prior to resentencing, as his application challenged only a final judgment–his original judgment of conviction.

11

jeopardize their claims challenging the original judgment of conviction by waiting until the resentencing judgment becomes final to file their applications. During the initial one-year limitations period, a petitioner need only properly file a motion for post-conviction relief in the state court or file a federal habeas petition challenging the original judgment of conviction to preserve such claims.[8] Thus, our decision does not place petitioners like Appellant between the proverbial rock and a hard place. If a petition is dismissed as premature under *Maharaj*, the petitioner is entitled to timely file his application once all judgments challenged therein have become final, as the limitations period on that application commences from the latest date any judgment challenged in the application becomes final. Petitioners may also preserve challenges to their original judgments of conviction if, within the initial one-year statute of limitations, they properly file either a motion for post-conviction relief, thereby tolling the limitations period, or a federal habeas

---

[8] Indeed, while we have no occasion to decide the issue here, we noted in *Hepburn* that other circuits have uniformly held a petitioner is permitted to file one petition challenging his conviction and sentencing, and, upon being granted post-conviction relief, bring another petition challenging resentencing without the subsequent petition being dismissed as second or successive. *See Hepburn*, 215 F.3d at 1209; *see also Walker v. Roth*, 133 F.3d 454, 455 n.1 (7th Cir. 1997) (noting "[o]f course, had Walker sought to challenge aspects of his conviction [as opposed to aspects of his resentencing] the district court would have been correct in dismissing his petition as successive"); *Galtieri v. United States*, 128 F.3d 33, 37–38 (2d Cir. 1997) (concluding "[w]henever a first 2255 petition succeeds in having a sentence amended, a subsequent 2255 petition will be regarded as a 'first' petition only to the extent that it seeks to vacate the new, amended component of the sentence, and will be regarded as a 'second' petition to the extent that it challenges the underlying conviction or seeks to vacate any component of the original sentence that was not amended").

12

petition encompassing such claims.

For the foregoing reasons, the district court did not err in finding the limitations period on Appellant's petition began when his original judgment of conviction became final on December 27, 1999.

III.

The second issue upon which we granted a certificate of appealability is whether equitable tolling should have been applied when the statute of limitations expired while Appellant's post-conviction motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, was pending and dismissed without prejudice approximately seven months after filing for failure to comply with Florida's oath requirement.[9] We find the district court did not err in holding Appellant's defective motion for post-conviction relief failed to equitably toll the limitations period under the AEDPA.

We review de novo the district court's decision to deny equitable tolling.

---

[9] It is clear, on these facts, Appellant was not entitled to statutory tolling. Section 2244(d)(2) provides "[t]he time during which a *properly* filed application for State post-conviction . . . review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2) (emphasis added). Appellant concedes his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 was unsigned and, therefore, not properly filed. Thus, this motion did not toll the limitations period on his petition as a statutory matter. *See Hurley v. Moore*, 233 F.3d 1295, 1297–98 (11th Cir. 2000) (holding when a motion for post-conviction relief is not properly filed, § 2244's statute of limitations is not statutorily tolled).

13

*Drew v. Dep't of Corr.*, 297 F.3d 1278, 1283 (11th Cir. 2002).

The AEDPA's one-year limitations period can be equitably tolled where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation omitted). Equitable tolling is, however, "limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005). The petitioner bears the burden of showing equitable tolling is warranted. *Drew*, 297 F.3d at 1286. Here, Appellant shoulders the burden of showing his March 27, 2003, petition was untimely because of extraordinary circumstances that were both beyond his control and unavoidable even with his own exercise of diligence.

Appellant cannot carry his burden of establishing the propriety of equitable tolling in this case. Appellant's first motion for post-conviction relief was defective because he failed to sign it. He has not, moreover, offered any evidence suggesting he attempted to ascertain the status of that motion during the seven months it sat on the state court's docket before being dismissed. In short, Appellant failed to act diligently, and the untimeliness of his petition was due to circumstances within his control. As a result, the district court did not err in

finding Appellant's defective motion for post-conviction relief did not equitably toll the limitations period on his petition. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 458 (1990) (holding "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect").

IV.

Because Appellant's petition challenged only his original judgment of conviction, the statute of limitations on his application ran from the date that judgment, not his resentencing judgment, became final. Appellant's defective motion for post-conviction relief, moreover, neither statutorily nor equitably tolled the limitations period on his petition. Accordingly, the district court did not err in finding Appellant's petition was untimely under the AEDPA.

AFFIRMED.