[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14127
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 29, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01449-CV-CAP-1

SOMPHONE THOCK PHANHMIXAY,

Petitioner-Appellant,

versus

STEVE ROBERT, Warden,

Respondent -Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 29, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Somphone Thock Phanhmixay, a Georgia prisoner proceeding pro se, appeals the dismissal of his habeas petition, 28 U.S.C. § 2254, as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Reversible error has been shown; we vacate and remand for additional proceedings.

On 11 March 2003, a state court affirmed Phanhmixay's convictions for armed robbery, theft by taking, aggravated assault, simple battery, kidnaping, and possessing a firearm during the commission of a crime. But the state court remanded Phanhmixay's case for resentencing because the trial court failed to merge certain convictions in accordance with state sentencing law. According to Phanhmixay, he was resentenced on 24 April 2003. He also claimed that he filed a state habeas petition on 16 March 2004 and that proceedings on this petition ended on 14 May 2007. Phanhmixay filed his section 2254 petition on 14 June 2007.[1]

---

[1] This date is the date Phanhmixay signed his section 2254 petition. A pro se prisoner's collateral action is deemed filed on the date it is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1991). Here, it is unclear when Phanhmixay delivered his section 2254 petition to authorities; but absent state-presented evidence to the contrary, we presume that the petition was delivered to prison authorities on the date the petitioner signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

The district court, adopting the report and recommendation of the magistrate judge, calculated the limitations period from 21 March 2003: the date the time expired for Phanhmixay to file a petition for writ of certiorari to the Georgia Supreme Court after the affirmance of his direct appeal. The district court determined that Phanhmixay's state habeas petition tolled the limitations period until 14 May 2007 but concluded that his section 2254 petition was not filed within the remaining untolled time in the limitations period. Relying on Rainey v. Sec'y, Dep't of Corr., 443 F.3d 1323, 1326 (11th Cir. 2006), the district court concluded that Phanhmixay's resentencing did not affect the start of the limitations period because he challenged only his original convictions -- and not his resentencing -- in his section 2254 petition.[2] We granted a certificate of appealability on whether the district court properly dismissed Phanhmixay's petition as untimely in the light of Burton v. Stewart, 127 S.Ct. 793, 798-99 (2007), and Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007), petition for cert. filed (U.S. Jan. 30, 2008) (07-1008).

On appeal, Phanhmixay argues that, under Ferreira, the limitations period did not begin to run until his resentencing became final and, thus, his section 2254

[2]The district court relied on the dates set forth by Phanhmixay; he did not submit documentary evidence of his resentencing or state habeas proceedings.

petition was timely. We review <u>de novo</u> a district court's determination that a habeas petition is time-barred. <u>Moore v. Crosby</u>, 321 F.3d 1377, 1379 (11th Cir. 2003).[3]

The AEDPA imposes a one-year limitations period on all habeas corpus petitions. <u>See</u> 28 U.S.C. § 2244(d)(1)(A) (measuring this one-year period from, among other things, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). While a "properly filed application for State post-conviction or other collateral review" is pending, however, the limitations period is tolled. 28 U.S.C. § 2244(d)(2).

In <u>Ferreira</u>, we concluded that "AEDPA's statute of limitations begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence." 494 F.3d at 1293 (emphasis in original) (relying on <u>Burton</u>, 127 S.Ct. at 798-99). In <u>Ferreira</u>, we overruled our prior precedent in <u>Rainey</u>, where we had concluded that if a petitioner challenges only his original

---

[3] In addition, we liberally construe <u>pro</u> <u>se</u> pleadings. <u>See</u> <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).

conviction after resentencing, then the statute of limitations begins when the original conviction becomes final.  Id. at 1290, 1293.

Accordingly, the district court erred in relying on Rainey to conclude that Phanhmixay's resentencing did not affect the start of his limitations period on his section 2254 petition.  The district court accepted the dates set forth by Phanhmixay; and based on these dates, Phanhmixay's conviction became final -- at the earliest -- on 24 April 2003, the date of the resentencing order.[4]  When he filed his state habeas petition on 16 March 2004, 39 days remained in the limitations period.  Phanhmixay filed his section 2254 petition within the remaining untolled time after the state court resolved his state habeas petition on 14 May 2007.

In sum, the district court erred in not calculating the limitations period from the date of the resentencing judgment as mandated by Ferreira.  Accordingly, we vacate and remand for additional proceedings.[5]

VACATED AND REMANDED.

_____

[4]From the documents before the district court, it is unclear whether Phanhmixay appealed his rensentencing.

[5]Phanhmixay did not submit documentary evidence about the pertinent dates in the district court, but he does submit this evidence with his brief.  Because these documents were not presented to the district court, they are not properly before us now.  But the State concedes that Phanhmixay's dates are correct, and the parties can submit the proper documentation on remand.