[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10508
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-02270-MHS


DERRON JACKSON,

                                                        Petitioner–Appellant,

versus

BRUCE CHATMAN, Warden,

                                                        Respondent–Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 29, 2014)

Before ED CARNES, Chief Judge, TJOFLAT and JORDAN, Circuit Judges.

PER CURIAM:

Derron Jackson, proceeding pro se under 28 U.S.C. § 2254, challenges his

Georgia convictions for armed robbery, possession of a firearm during the

commission of a felony, and possession of a firearm by a convicted felon.[1]  The district court dismissed his petition as untimely under the § 2244(d) statute of limitations.  It granted Jackson a certificate of appealability on whether he could benefit from the equitable exception to that statute of limitations created by McQuiggin v. Perkins, — U.S. —, 133 S. Ct. 1924 (2013).  He now appeals the dismissal of his § 2254 petition, which we review de novo.  See Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000).

Those imprisoned pursuant to a state court judgment have one year to bring a § 2254 petition challenging that judgment.  28 U.S.C. § 2244(d)(1).  For Jackson, that one-year limitations period began to run on the date that his time to seek direct review in the Supreme Court of Georgia expired.  See id. § 2244(d)(1)(A).  He had ten days after the Court of Appeals of Georgia affirmed his convictions to petition the state supreme court for direct review.  See Ga. Sup. Ct. R. 38(1); Pugh v. Smith, 465 F.3d 1295, 1299–1300 (11th Cir. 2006).  The court of appeals affirmed his convictions on June 7, 2000.  The tenth day after that date was a Saturday, extending the filing deadline to the following Monday.  See Ga. Sup. Ct. R. 11.  So

---

[1] Jackson named "Mr. Tools" as the respondent in his petition.  Noting that the warden of Georgia State Prison, Bruce Chatman, was the proper respondent, see 28 U.S.C. § 2242, the district court sua sponte ordered that Chatman be substituted as the respondent.  Cf. West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973) (holding that denial of a habeas petition for failure to name the proper respondent "would give an unreasonably narrow reading to the habeas corpus statute"), aff'd in relevant part en banc, 510 F.2d 363, 363 (5th Cir. 1975).  (In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.)

2

Jackson's time for seeking direct review in the Supreme Court of Georgia expired on June 19, 2000.  Jackson had until June 19, 2001, to file a § 2254 petition.  He filed the petition that is the subject of this appeal on June 26, 2013.  He missed § 2244(d)'s deadline by over a decade.[2]

Jackson asks us to ignore that fact.  He argues that he should benefit from the equitable exception to the statute of limitations.  See McQuiggin 133 S. Ct. at 1931.  That exception would allow Jackson's untimely § 2254 petition to proceed if he could show that his incarceration is a "fundamental miscarriage of justice" — in other words, that he is actually innocent.  See id. at 1931–32.  To do that, Jackson must establish that in light of new evidence it is more likely than not that no reasonable juror would have convicted him.  Id. at 1933, 1935 (adopting the test established by Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 868 (1995)).  If Jackson makes that showing, he is not necessarily entitled to habeas relief, but he may proceed with his untimely § 2254 petition.  See id. at 1931 ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.").

Jackson asserts that no reasonable juror could have convicted him in the face of two documents that were not presented at trial.  Those two documents appear to

---

[2] Jackson does not benefit from the statutory provision that tolls the limitations period while a properly filed application for state postconviction relief is pending, because he first filed for state postconviction relief nearly seven years after the statute of limitations had run.  See 28 U.S.C. § 2244(d)(2); Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1331 (11th Cir. 2008).

be a police report and three nonconsecutive pages from a transcript of a judicial proceeding. (Neither document bears any identifying marks other than a cryptic, handwritten numbering system). Both documents contain statements by the cashier Jackson robbed, saying that she never saw him with a gun. According to Jackson, those two documents satisfy his burden under McQuiggin.

Even though the jury did not see those two documents, it did hear the cashier's testimony, which included her statement that she had seen no gun. But the jury also heard the testimony of another witness who said that she had seen a gun sticking out of Jackson's waistband during the robbery. Jackson's two documents do nothing to impeach that other witness's testimony. They merely reiterate what the jury heard: The cashier herself never saw a gun. Because a reasonable juror could read those two documents and still convict Jackson of armed robbery based on the other witness' testimony, Jackson has not met his McQuiggin burden to show that in light of new evidence it is more likely than not that no reasonable juror would have convicted him. McQuiggin 133 S. Ct. at 1933, 1935; cf. Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1017 (11th Cir. 2012) ("[H]is claim still fails because his 'new' evidence is largely cumulative of what the jury heard, and he has not made a sufficient showing that it is more likely than not that no reasonable juror would have convicted him . . . .") (applying

4

Schlup, 513 U.S. at 324, 327, 115 S. Ct. at 865, 867).  The district court did not err

by dismissing his untimely § 2254 petition.

**AFFIRMED.**