[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10935
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cv-01977-RBD-DAB

ANTHONY HOLLIS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 8, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Hollis, a Florida prisoner, appeals through counsel the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  A certificate of appealability ("COA") was granted on the following issue:  "whether Hollis's trial counsel was ineffective in violation of the Sixth Amendment for failing to locate the ATM photographs prior to trial."  On appeal, Hollis argues his trial counsel was ineffective for failing to discover certain inculpatory ATM photographs, and that he was prejudiced because he would have accepted the state's eight-year pre-trial plea offer had he known about the photos. He contends that the district court improperly focused its prejudice analysis on the purported fairness of the trial and other post-plea considerations, rather than on the pre-trial plea negotiation context.

We review <u>de novo</u> the district court's denial of a habeas petition under 28 U.S.C. § 2254.  <u>Maharaj v. Sec'y for Dep't of Corr.</u>, 304 F.3d 1345, 1348 (11th Cir. 2002).  A claim of ineffective assistance of counsel is a mixed question of law and fact that we also review <u>de novo</u>.  <u>Ward v. Hall</u>, 592 F.3d 1144, 1155 (11th Cir. 2010).

As amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d) prohibits federal courts from granting habeas relief on claims previously adjudicated on the merits in state court unless the state court decision (1) was contrary to, or involved an unreasonable application of,

2

clearly established federal law as determined by the U.S. Supreme Court, or

(2) was based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1)-(2).  A

state court decision involves an unreasonable application of federal law when the

state court identifies the correct Supreme Court precedent but unreasonably applies

that legal rule to the facts of the particular case.  Williams v. Taylor, 529 U.S. 362,

413, 120 S. Ct. 1495, 1524, 146 L. Ed. 2d 389 (2000) (O'Connor, J., concurring)

(delivering the majority opinion of the Court with respect to Part II).

A determination of a factual issue made by a state court is presumed to be

correct, unless rebutted by "clear and convincing evidence."  28 U.S.C.

§ 2254(e)(1).  Although the Supreme Court has not defined the precise relationship

between § 2254(d)(2) and § 2254(e)(1), it has noted that "a state-court factual

determination is not unreasonable merely because the federal habeas court would

have reached a different conclusion in the first instance."  *Burt v. Titlow*, 571 U.S.

__, __, 134 S. Ct. 10, 15, 187 L. Ed. 2d 348 (2013) (quotation omitted).

Under *Strickland*,[1] a movant demonstrates ineffective assistance of counsel

by showing that (1) counsel's representation fell below an objective standard of

reasonableness, and (2) counsel's deficient performance prejudiced the defendant.

Johnson v. Sec'y, DOC, 643 F.3d 907, 928 (11th Cir. 2011).  Under the first prong

---

[1] Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

of *Strickland*, performance is deficient when it falls below an objective standard of reasonableness and is "outside the wide range of professionally competent assistance." Id. (quotation omitted).

Under the prejudice prong of Strickland, the petitioner must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Lafler v. Cooper, 566 U.S. __, __, 132 S. Ct. 1376, 1384, 182 L. Ed. 2d 398 (2012). In the context of pleas, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). A petitioner may demonstrate prejudice by showing the loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence. Lafler, 566 U.S. at __, 132 S. Ct. at 1387. A habeas petitioner must carry his burden on both Strickland prongs to demonstrate ineffective assistance of counsel. Bishop v. Warden, GDCP, 726 F.3d 1243, 1254 (11th Cir. 2013), cert. denied, 135 S. Ct. 67 (2014). A court need not address both prongs if the defendant has made an insufficient showing on one. Id.

When viewing a Strickland claim through the lens of § 2254(d)'s unreasonableness standard, the pivotal question is whether the state court's application of the Strickland standard was unreasonable. Harrington v. Richter,

4

562 U.S. 86, 101, 131 S. Ct. 770, 785, 178 L. Ed. 2d 624 (2011).  This Court has stated that this "double deference" standard is "doubly difficult" for petitioners to overcome, and it will therefore be a "rare case" in which an ineffective-assistance claim denied on the merits in state court is found to merit relief in a federal habeas proceeding.  Gissendaner v. Seabolt, 735 F.3d 1311, 1323 (11th Cir. 2013) (alternation and quotation omitted), cert. denied, 135 S. Ct. 159 (2014).

Here, the district court found that, even assuming that counsel was deficient for failing to discover the photographs prior to trial, Hollis failed to demonstrate prejudice under the second prong of Strickland.  We agree with the district court's determination that the state court did not unreasonably apply federal law. Although Hollis did not know about the ATM photographs, he rejected the state's plea offers despite knowing that the state had substantial evidence against him. Hollis did not allege that he was unaware of the strong evidence that the state eventually presented at trial, including several witnesses who gave strong evidence of his guilt, and even evidence of Hollis' fingerprints on the fraudulently-obtained checks. Therefore, given the relative weakness of the "fuzzy" ATM photographs compared to the state's other substantial evidence, Hollis did not demonstrate a reasonable probability that he would have accepted a plea offer had he known about the ATM photographs prior to trial.  See Hill, 474 U.S. at 59, 106 S. Ct. at

5

370.  And Hollis certainly did not establish that the state court's decision was an unreasonable application of Strickland.

AFFIRMED.

6