[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10385
Non-Argument Calendar

_____

D.C. Docket No. 5:15-cv-00278-WTH-EMT


RAMON DELSOL HERNANDEZ,

Petitioner–Appellant,

versus


SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent–Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 23, 2019)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Ramon Hernandez, proceeding *pro se* on appeal, appeals the district court's denial of his 28 U.S.C. § 2254 petition. Following that denial, a single judge of this Court issued a certificate of appealability ("COA") only on the issue of "[w]hether a language barrier rendered Hernandez's plea of no contest to sexual battery on a person less than 12 years of age and to lewd and lascivious molestation invalid." Hernandez argues that the district court erred in denying his claim because his rights to due process, equal protection, and effective counsel were violated. Specifically, Hernandez argues that he, a native Cuban who speaks minimal English, did not fully understand the charges against him and the consequences of his decision not to proceed to trial when he entered his plea, which fundamentally prejudiced him and rendered his pleas involuntary.

We review *de novo* the district court's denial of a § 2254 petition. *Maharaj v. Sec'y for Dep't of Corr.*, 304 F.3d 1345, 1348 (11th Cir. 2002). A state prisoner's § 2254 petition shall not be granted with respect to any claim that was adjudicated on the merits by a state court unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state court. 28 U.S.C. § 2254(d).

2

When a defendant pleads guilty, he waives a number of constitutional rights, and thus, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628–29 (2002) (brackets and quotation marks omitted).  The standard for the validity of a plea is whether it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

Where a state court's decision is unaccompanied by an explanation, a § 2254 petitioner must show that there was no reasonable basis for the state court to deny his federal claim.  *Loggins v. Thomas*, 654 F.3d 1204, 1216 (11th Cir. 2011).  Where a petitioner presented his federal claim to the state court and was denied relief without an explanation, a presumption arises that the state court adjudicated the claim on its merits.  *Id.*  The petitioner bears the burden of overcoming that presumption and may do so by showing that there is reason to think that some other explanation for the state court's decision is more likely.  *Id.*  "Under § 2254(d), a habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are

3

inconsistent with the holding in a prior decision of" the U.S. Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). We must deny a § 2254 petition if any fairminded jurist could agree with the state court's ruling. *Meders v. Warden, Ga. Diagnostic Prison*, 911 F.3d 1335, 1351 (11th Cir. 2019).

The district court did not err in denying Hernandez's § 2254 petition because fairminded jurists could agree with the Florida Court of Appeal's decision, in light of evidence from Hernandez's community-control revocation hearing that he understood English well enough to understand the nature and consequences of his pleas. First, Hernandez cannot show that the state-court adjudication was based on an unreasonable determination of the facts. The Florida Court of Appeal could have determined that Hernandez could understand English because he testified that he had no problem understanding Daniel's instructions regarding the conditions of his community control, which were the direct consequences of his plea.[1] That assertion is corroborated by probation officer Daniel's testimony that she had no problem communicating with him during their hour-long meeting. Similarly,

---

[1]    Although the evidence on which the Florida court could have relied occurred—not at the challenged change of plea colloquy—but at the subsequent revocation of community control hearing, that testimony provided ample basis for the Florida court to conclude that Hernandez did understand English at the challenged plea hearing. Hernandez's testimony revealed that he readily understood English in his communications with his probation officer, Daniel, on two occasions approximately three months and nine months after the challenged plea hearing. Moreover, at the community control revocation hearing, Judge Register noted on the record that Hernandez understood in English what the judge was saying in English. Judge Register was the same judge who presided at the challenged plea hearing.

Daniel's supervisor's testimony that Hernandez had continuously denied the things that she and Daniel told him indicates that he understood the nature of the things that he had been denying.  Finally, the sentencing transcript suggests that Hernandez understood the consequences of his sentence despite the fact that it was pronounced in English and had not been translated to him, because the state court stated that Hernandez's reaction indicated that he had understood what the court had said, and Hernandez expressly confirmed that he had understood the court despite his need for people to speak slowly when speaking English.  Therefore, Hernandez cannot show that the Florida Court of Appeal's decision was based on an unreasonable determination of the facts because his testimony from the sentencing, along with Daniel's and the supervisor's testimony, suggested that he spoke English well enough to understand the nature of charges against him and the consequences of entering his plea.

Because fairminded jurists could conclude that the Florida Court of Appeal's decision was not based on an unreasonable determination of the facts, Hernandez is entitled to habeas relief only if he can show that the Florida Court of Appeal's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court.  28 U.S.C. § 2254(d)(1).  However, Hernandez's testimony indicates that he actually understood the consequences of his guilty plea, because his dispute with Daniel

5

centered on his efforts to comply with the terms of his community-control, and nothing from the sentencing hearing suggests that his failure to comply was due to his inability to understand the obligations imposed as a result of his pleas. While Hernandez argues that he would not have pleaded guilty had he known that he would not have been released that same day, he has not shown that his subverted expectations were due to his inability to speak English, rather than his misunderstanding as to his legal status in an unrelated case at the time he entered his plea.[2]

In light of the foregoing, Hernandez has failed to show that the Florida Court of Appeal's decision was contrary to, or involved an unreasonable application of, clearly established federal law because fairminded jurists could conclude that he entered his pleas knowingly and voluntarily, given the evidence from which one could reasonably find that he was sufficiently familiar with English to understand the charges against him and the consequences of entering his pleas. *Meders*, 911 F.3d at 1351; 28 U.S.C. § 2254(d). Accordingly, the district court did not err in denying his § 2254 petition.

**AFFIRMED.**

---

[2] Apparently Hernandez was not released after the plea as he had expected, because a detainer had been placed on him by another county.