[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2005
THOMAS K. KAHN
CLERK

No. 03-11734
Non-Argument Calendar
_____

D. C. Docket No. 02-02618-CV-HLM-1& 91-00289-CR-HLM

DERRICK RIVERS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 14, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before ANDERSON, BARKETT and WILSON, Circuit Judges. BARKETT,
Circuit Judge, concurring specially, in which WILSON, Circuit Judge, joins.

PER CURIAM:

This case is before the Court for consideration in light of Johnson v. United States, 125 S. Ct. 1571 (2005). We previously affirmed the district court's dismissal of Rivers' petition for a writ of habeas corpus as untimely. The Supreme Court then vacated our decision and remanded the case to us for consideration in light of Johnson. Rivers v. United States, 125 S. Ct. 1822 (2005) (mem.). Because Johnson dictates that Rivers failed to exercise due diligence in attacking the state conviction that was used to enhance his federal sentence, we again affirm the denial of his habeas petition.

## BACKGROUND

In 1996, Rivers pled guilty to one count of conspiracy to possess cocaine base with intent to distribute, in violation of 18 U.S.C. §§ 841(a) and 846. The Presentence Investigation Report ("PSI") assessed five criminal history points against Rivers: three points for a 1987 state court drug conviction; and two points for committing the federal offense while on parole for that state conviction, pursuant to U.S.S.G. § 4A1.1(d). With five criminal history points, the PSI placed Rivers in Criminal History Category III. At sentencing, the district court adjusted Rivers' offense level, but adopted the PSI's findings regarding Rivers' criminal history category, imposing a sentence of 135 months. The district court's judgment was entered on February 6, 1997. Because Rivers did not pursue a direct

2

appeal, his conviction became final on February 17, 1997.

On April 16, 2001, four years after his federal conviction became final, Rivers filed a state petition for a writ of habeas corpus in Fulton County Superior Court (the "state court"), seeking to vacate the 1987 drug conviction that served as the basis for his federal sentence enhancement. The state court granted Rivers' petition on May 3, 2002, vacating the conviction that the district court relied upon to enhance his federal sentence.

Rivers then filed a federal habeas motion, pursuant to 28 U.S.C. § 2255, in the district court on September 23, 2002. Because this circuit had not yet ruled on the timeliness of such petitions, the district court adopted the reasoning in Brackett v. United States, 270 F.3d 60, 68 (1st Cir. 2001), which held that the one-year § 2255, ¶6(4) limitations period begins to run on the date when the defendant learned or should have learned the facts supporting his claim to vacate the state conviction – not the date on which the defendant learned that his state convictions were vacated.

We granted a certificate of appealability on the question of whether Rivers' § 2255 motion was time-barred. Before we issued an opinion in the case, however, another panel of this court decided Johnson v. United States, 340 F.3d 1219 (11th Cir. 2003). The panel in Johnson agreed with Brackett's reasoning, and held that

3

the vacatur of a state conviction is not a "fact supporting the claim" within the meaning of § 2255, ¶6(4). Id. at 1226. Recognizing that we were bound by the Johnson panel, we affirmed the district court's ruling that Rivers' petition was time-barred. See Rivers, 91 Fed. Appx. 655 (11th Cir. 2004). Rivers then filed a petition for writ of certiorari, which the Supreme Court granted, vacating our opinion and remanding the case for consideration in light of their opinion in Johnson. See Rivers, 125 S. Ct. 1822.

## DISCUSSION

Habeas petitions brought pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255, ¶6. In relevant part, that limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255, ¶6(4). In Johnson, the Supreme Court made clear that the vacatur of a state conviction does qualify as a "fact" under § 2255, ¶6(4), and that the limitations period thus begins to run on the date on which the petitioner received notice of the state court vacatur. See Johnson, 125 S. Ct. at 1579-80.

However, Johnson also requires that § 2255 petitioners show due diligence in *obtaining* the vacatur of their predicate state court conviction in order to rely on the Paragraph Four limitations period. See id. at 1580-81. Diligence is shown by

4

the petitioner's prompt filing of a state habeas petition, as measured from the date that judgment was entered on the enhanced federal sentence. Id. at 1581. Where the petitioner in Johnson filed his state habeas petition more than three years following entry of judgment, his actions "fell far short of reasonable diligence in challenging the state conviction." Id. at 1582. Moreover, the Court held that Johnson's explanations for the delay (namely, his lack of sophistication and *pro se* status) did not excuse his dilatoriness. Id. With a delay greater than three years in seeking state court relief and without any excusable basis for the delay, Johnson's failure to exercise due diligence rendered his habeas petition untimely under § 2255, ¶6(4). Id.

In Rivers' case, the state court vacated his prior conviction on May 3, 2002. Johnson dictates that this qualified as a "fact supporting the [habeas] claim" and that Rivers had one year from receiving notice of the vacatur to file his federal § 2255 petition. Because Rivers filed his petition on September 23, 2002, he has clearly satisfied Johnson's first requirement.

Nonetheless, like the petitioner in Johnson, Rivers has failed to satisfy Johnson's second requirement: the exercise of due diligence in seeking vacatur of the state court conviction. The district court entered judgment on Rivers' enhanced federal sentence on February 6, 1997. Rivers did not file his state habeas petition

5

until April 16, 2001 – more than four years after judgment was entered on his federal sentence. The Supreme Court in Johnson held that where the petitioner waited more than three years after entry of judgment to file his state petition, he did not act with reasonable diligence. See Johnson, 125 S.Ct. at 1582. Where Rivers' state vacatur filing suffered from an even longer delay, we are bound to conclude that he similarly failed to act with reasonable diligence.

In his supplemental brief, Rivers argues that no due diligence determination can be made without remanding the case to the district court for an evidentiary hearing. On this point, Rivers argues that unspecified delays in the state clerk's retrieval of records necessary for his state habeas filing, along with his lack of education, excuse any delay. We agree that the individualized, factual nature of a due diligence determination will indeed often require Johnson cases to be remanded for factual development. See Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002) (determination regarding party's diligence is a finding of fact subject to review for clear error); see also Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002) (explaining that "the due diligence inquiry is an individualized one that must take into account the [habeas petitioner's] conditions of confinement") (internal quotation marks omitted). However, Rivers' supplemental brief fails to set out just what efforts he made to obtain the necessary

6

records or to explain what amount of time lapse is fairly attributable to the state clerk's delay. Moreover, while Rivers' lack of education may have delayed his efforts to vacate his state conviction, the Johnson court rejected similar grounds as an excuse for delay, reiterating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness." Johnson, 125 S.Ct. at 1582.

Although Johnson makes clear that Rivers properly filed his § 2255 petition within one year of receiving notice of the state court's vacatur of his prior conviction, Rivers' delay in seeking state habeas relief, along with his failure to set forth sufficient grounds that could excuse his delay, precludes a finding that he exercised due diligence. After consideration in light of Johnson, we thus affirm the district court's dismissal of Rivers' petition based on Rivers' failure to exercise due diligence.

**AFFIRMED.**

BARKETT, Circuit Judge, concurring specially, in which WILSON, Circuit Judge, joins:

I join the court's opinion. I write separately to address the government's argument that Rivers' appeal waiver precludes any collateral attack.

Rivers' plea agreement included a provision that waived his rights to appeal his sentence under 18 U.S.C. § 3742 or to appeal his sentence on any other ground. However, neither Rivers' plea agreement nor the district court's plea colloquy so much as mentioned Rivers' right to bring a collateral attack under 28 U.S.C. § 2255, much less included a waiver of such rights. I thus reject the government's contention that Rivers' appeal should be dismissed based on the presence of an appeal waiver, as Rivers did not expressly and knowingly waive his rights to collaterally attack his sentence. United States v. Pruitt, 32 F.3d 431, 432 (9th Cir. 1994) (holding that "a plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly. The government gets what it bargains for but nothing more."); United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001) (holding that "a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement"); see also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (holding that petitioner waived right to bring § 2255 motion where the plea agreement's plain language expressly informed him that he was waiving his right to bring a

8

collateral attack).