[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12205
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 08-80204-CV-DMM,
02-80016-CR-DMM

JORGE ARTURO ARROYO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 30, 2009)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Jorge Arturo Arroyo appeals the district court's dismissal of his motion to

vacate his sentence under 28 U.S.C. § 2255 on the ground that the motion was time-barred. We affirm.

On July 19, 2002, Arroyo was sentenced in federal district court to 120 months' imprisonment after pleading guilty to conspiracy to possess with intent to distribute 5 kilograms of cocaine, in violation of 21 U.S.C. § 846. In determining Arroyo's criminal history for sentencing purposes, the probation officer identified several prior state court convictions dating back to 1993. These prior convictions increased Arroyo's criminal history points at his federal sentencing and placed Arroyo in the criminal history category III. As a result, Arroyo faced a statutory mandatory minimum sentence of 120 months' imprisonment and was not eligible to be sentenced below the mandatory minimum under the safety-valve provision. 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5C1.2. Arroyo did not directly appeal his conviction or sentence, and his conviction became final ten days after the judgment was entered– or August 5, 2002– when the time to file an appeal expired. *See Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

In April 2003, Arroyo wrote to the state court clerk's office seeking records from his state-court convictions and advising the clerk's office that he needed the documents to prepare his state motion for post-conviction relief under Fla. R. Crim. P. ("Rule") 3.850. He wrote again in May, July, September, and December

2003, and in February 2004. He received copies of the records in January and November 2005. On March 8, 2006, he filed his Rule 3.850 motion. The state court granted relief, vacated the convictions, and set a hearing to determine if the state wished to retry Arroyo. At the hearing in November 2007, the state declined to prosecute, and the state court dismissed the cases by order dated January 25, 2008. On February 20, 2008, Arroyo filed his federal § 2255 motion challenging his sentence on the ground that the prior state convictions used to enhance his sentence had been vacated.

The district court ordered the parties to address whether the motion was timely. Arroyo asserted that the statute of limitations began to run on January 25, 2008, when he received the state court order vacating his prior convictions. Arroyo explained that he had acted with due diligence to overturn his prior state convictions since his federal conviction in 2002. He noted that he filed his § 2255 motion within two months of receiving the state court's vacatur order.

The government responded that the motion was untimely because the statute of limitations began to run when the facts supporting the § 2255 claim could have been discovered through due diligence. It explained that Arroyo failed to act with the necessary diligence because he did not file his state post-conviction motion attacking the state convictions until March 2006, more than four years after his

3

federal conviction was final.

The magistrate judge recommended dismissing the motion as time-barred, finding that, under 28 U.S.C. § 2255(f)(4), the limitations period triggered once Arroyo was on notice of the state court vacatur, *see Johnson v. United States*, 554 U.S. 295, 125 S.Ct. 1571 (2005), but that Arroyo could not show he acted with due diligence in obtaining the vacatur. The magistrate judge defined diligence as the timely filing of a state post-conviction motion and measured the timeliness from the date of the federal sentencing and judgment. The magistrate judge found that Arroyo had waited three years after his federal conviction became final to file his state post-conviction motion, even though he was aware earlier that his state convictions were invalid because the state court had failed to advise him of the possible deportation consequences of his guilty plea.

Arroyo objected to the magistrate judge's recommendation, asserting that he had acted with diligence and had been waiting for the records from the state court in order to file his state post-conviction motion. He noted that state law in effect at the time of his federal conviction precluded any challenge to the validity of the plea until the date on which deportation proceedings commenced. Once the Florida Supreme Court changed that requirement in *State v. Green*, 944 So.2d 208 (Fla. 2006), he promptly filed his motion.

The district court dismissed the motion as time-barred, citing *Rivers v. United States*, 416 F.3d 1319 (11th Cir. 2005). First, the court found that diligence meant prompt action by the movant as soon as the movant was in a position to realize he had an interest in challenging the prior conviction. In the instant case, Arroyo did not begin to seek records until nine months after the federal judgment became final and he had written only six letters seeking copies of his state records during the three-and-a-half year period between the federal conviction and the date on which Arroyo filed his state Rule 3.850 motion. The court further found that Arroyo should have known of the possible deportation consequences of his guilty pleas in state court when he hired an immigration attorney to discuss citizenship in 2001.[1]

Arroyo appealed and requested a certificate of appealability, which the district court granted on the following issue: "Whether petitioner exercised the requisite due diligence in seeking vacatur of his state-court convictions, such that his petition was timely under § 2255(f)(4)."

In reviewing the denial of a § 2255 motion, we review legal issues *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232

---

[1] The district court identified 2001 as the date, but the record shows that an attorney advised Arroyo in 1999 that his prior convictions rendered him ineligible to become a citizen and that he could face deportation if he initiated citizenship proceedings.

(11th Cir. 2004). The determination of whether a party acted with due diligence is a factual finding subject to clear error review. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1283 (11th Cir. 2002).

Section 2255 provides that a motion to vacate a sentence must be filed within one year of the latest of, relevant to this appeal, "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). In cases involving a state-court vacatur of a federal prisoner's prior state conviction, which was used to enhance his federal sentence, the limitation period begins to run on the date that the prisoner receives notice of the order vacating the predicate conviction. *Johnson*, 544 U.S. 295, 302, 304-07, 308. Thus, a prisoner may file a § 2255 motion up to one year from the date on which he received notice of the order vacating his prior state conviction if he exercised due diligence in seeking to overturn his prior conviction. *See id.* at 298. At issue in this case is whether Arroyo exercised due diligence under *Johnson* to obtain the vacatur.[2]

Arroyo did not file his state motion for post-conviction relief until 2006, more than three-and-a-half years after the district court imposed the federal

---

[2] The government concedes that the state court vacatur qualifies as a matter of fact for purposes of the limitations period and that Arroyo filed his motion within one year of the state court order vacating his prior convictions.

sentence that was enhanced by the state court convictions. In general, a delay of this length will negate a finding of due diligence. *See Johnson*, 544 U.S. at 310-311; *Rivers* 416 F.3d at 1322-23 (concluding the movant failed to act with due diligence when he waited three years to file his state habeas petition).

Arroyo contends that his actions during those three-and-a-half years showed that he acted with diligence and that filing his state post-conviction motion earlier would have been futile because state law prevented him from bringing his claim. Arroyo's arguments are without merit.

First, Arroyo has not shown that his actions qualified as due diligence. He wrote only six letters over three years in an attempt to gain records, and he did not begin to correspond with the clerk's office seeking those records until nine months after his federal conviction. Waiting nine months after sentencing to seek records does not show that Arroyo acted diligently to obtain the vacatur.

Second, the changes in state law are not relevant. In *State v. Green*, the Florida Supreme Court held that the limitations period for filing a Rule 3.850 motion begins to run when the judgment and sentence become final "unless the defendant could not, with the exercise of due diligence, have ascertained within the two-year period that he or she was subject to deportation." 944 So.2d at 210. In reaching this conclusion, the court overturned its prior holding in *Peart v. State,*

756 So.2d 42, 48 (Fla. 2000), which required the defendant to show that he had been threatened with deportation in order to challenge his conviction on the ground that the state court failed to advise him of the deportation consequences of his plea.[3] *Green*, 944 So.2d at 218. Arroyo's claim that he could not file a Rule 3.850 motion before *Green* and that *Green* renders his Rule 3.850 motion timely fails because (1) Arroyo, in fact, filed his Rule 3.850 motion several months before *Green* was decided, and (2) Arroyo knew of the immigration consequences of his pleas and convictions in state court when he consulted an immigration attorney in 1999.[4]

Therefore, even though there was a change in state law, that change had no impact on Arroyo's actions and the determination of whether he acted with due diligence. The purpose of the *Green* decision was to trigger the limitations period when the movant learned or could have ascertained the deportation consequences of his plea. Because Arroyo knew of the immigration consequences resulting from his state convictions in 1999, before he entered his plea in federal court, yet waited over three years after his federal conviction to file his Rule 3.850 motion, Arroyo

---

[3] Moreover, "[a] defendant filing outside the two-year limitation period must allege and prove that he . . . could not have ascertained the immigration consequences of the plea with the exercise of due diligence within the two-year period." *Green*, 944 So.2d at 219.

[4] Even if *Green* applied, Arroyo would not be entitled to relief because he knew of the immigration consequences in 1999 and did not file a motion for post-conviction relief within two years of that date. *See Green*, 944 So.2d at 218.

cannot show that he acted with due diligence.

Accordingly, the district court's order is

**AFFIRMED**.