[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16474
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 24, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 08-08027-CV-VEH-PWG,
05-00561-CR-VEH

CHRISTOPHER JOSEPH MADAIO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 24, 2010)

Before DUBINA, Chief Judge, and BARKETT and HULL, Circuit Judges.

PER CURIAM:

Federal prisoner Christopher Madaio, proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. In addition to the claims initially raised in the motion to vacate, Madaio filed a subsequent motion for leave to amend the motion to vacate and asserted an additional claim. The additional claim challenged his conviction for possession of child pornography as violative of the Double Jeopardy Clause because it was a lesser included offense of his simultaneous conviction for receipt of child pornography. The district court granted a certificate of appealability ("COA") only with respect to the timeliness and merits of Madaio's double jeopardy claim. Madaio does not contest the findings of the district court that under 28 U.S.C. § 2255(f)(1), his motion to vacate was timely, and his double jeopardy claim, which he attempted to raise in his motion for leave to amend, was not timely. Madaio contends, however, that his double jeopardy claim was timely under 28 U.S.C. § 2255(f)(4) because it was filed within one year of the date that he discovered the case of *United States v. Davenport,* 519 F.3d 940 (9th Cir. 2008), which provided legal support for his claim. Madaio further argues that, under *Davenport,* his conviction for possession of child pornography violates the Double Jeopardy Clause and should be overturned.

Ordinarily, we review "a district court's findings of fact in a 28 U.S.C.

2

§ 2255 proceeding for clear error, and its legal conclusions de novo." *Garcia v. United States,* 278 F.3d 1210, 1212 (11th Cir.2002). "The district court's interpretation and application of a statute of limitations is a question of law that is subject to de novo review." *Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir. 2000).

Under 28 U.S.C. § 2255, a one-year statute of limitations applies to motions to vacate, and the limitations period begins on the latest of four specified dates. 28 U.S.C. § 2255(f). The two relevant dates in this case are set out in § 2255(f)(1), the date that the judgment of conviction becomes final, and in § 2255(f)(4), "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4).

The parties have not cited a published case of this Court or the Supreme Court addressing the issue of whether discovery of a legal opinion qualifies as the discovery of "facts supporting the claim or claims presented" under 28 U.S.C. § 2255(f)(4). However, construing the statute, we have held that the following are "facts" that can be considered under § 2255(f)(4): (1) receipt of a copy of an appellate brief and discovery of an attorney's failure to file an appeal, *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002); (2) vacatur of a prior state conviction, *Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir. 2005); and

3

(3) the date of a state parole board's decision, *Day v. Hall*, 528 F.3d 1315, 1317–18 (11th Cir. 2008).

Independently untimely claims raised in an amendment to a § 2255 motion are barred unless they "relate back" under Fed.R.Civ.P. 15(c) to a timely filed motion. *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

There is no merit in Madaio's argument that his double jeopardy claim was timely under § 2255(f)(4) on the basis that the limitations period commenced when he discovered the Ninth Circuit's *Davenport* case. Since Section 2255(f)(4) is predicated on the date that "*facts* supporting the claim" could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period. Since Madaio did not argue on appeal that his proposed amendment related back to his original motion, he has abandoned that argument. *See Davenport*, 217 F.3d at 1344–46. Therefore, Madaio attempted to raise his double jeopardy claim after the expiration of the applicable statute of limitations as set forth in 28 U.S.C. § 2255(f)(1), and it is barred as untimely.

In light of our conclusion that the double jeopardy claim is time-barred, it is unnecessary to address the merits of the claim. Accordingly, we affirm the district court's order denying Madaio's § 2255 motion to vacate, set aside, or correct his

sentence.

**AFFIRMED.**