[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11598
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-21325-MGC


DANIEL DELEON,

Petitioner-Appellant,

versus

STATE OF FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 26, 2012)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel DeLeon, proceeding pro se, appeals the district court's denial of his

28 U.S.C. § 2254 habeas petition as untimely. The district court granted a certificate of appealability on whether the totality of the circumstances of this case prevented DeLeon from filing his Fla. R. Crim. P. 3.850 motion within one year of the per curiam affirmance of his state conviction, which would have tolled the limitations period and allowed him to file a timely § 2254 petition.

On appeal, DeLeon argues that the one-year statute of limitations for filing § 2254 petitions, pursuant to 28 U.S.C. § 2244(d), should have been equitably tolled due to several extraordinary circumstances. First, he was wholly untrained in the law. Second, he could not read, write, or speak English. Third, he did not have counsel to advise him or to timely file his collateral appeals. Fourth, he had to rely upon the counsel of a bi-lingual inmate law clerk to file his appeals. Fifth, he did not have access to the library because of prison lockdowns. Sixth, he did not gain access to all of his legal documents until July 2008. Finally, his appellate counsel withdrew under Anders and failed to tell DeLeon of the one-year statute of limitations. DeLeon raises the last three arguments for the first time on appeal.

We review de novo the district court's denial of a 28 U.S.C. § 2254 petition as untimely. Hepburn v. Moore, 215 F.3d 1208, 1209 (11th Cir. 2000). We also review de novo a district court's denial of equitable tolling. Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). However, we do not

2

consider arguments raised for the first time on appeal. Nyland v. Moore, 216 F.3d 1264, 1265 (11th Cir. 2000).

The one-year statute of limitations for filing § 2254 petitions begins to run following the date on which a judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1). On direct appeal, where the petitioner did not file a petition for certiorari to the United States Supreme Court, a judgment becomes final after the expiration of the 90 days in which a petition could have been filed. Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002). A properly filed application for state post-conviction relief tolls the one-year statute of limitations period while it is pending. 28 U.S.C. § 2244(d)(2). However, where the state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not toll the statute because no time remains to be tolled. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001).

The statute of limitations may be equitably tolled only when a petitioner shows: (1) that he pursued his rights diligently, and (2) that some extraordinary circumstance prevented a timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005). Equitable tolling is an extraordinary remedy that is limited to rare, exceptional circumstances. Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009).

An inability to understand English does not constitute extraordinary circumstances justifying equitable tolling. United States v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005). The lack of a legal education, the absence of legal counsel in this collateral context, and the resulting consequence of reliance upon a bilingual inmate law clerk also do not excuse a failure to file a § 2254 petition in a timely fashion. See Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005); see also Outler v. United States, 485 F.3d 1273, 1283 n.4 (11th Cir. 2007) ("[P]ro se litigants, like all others, are deemed to know of the one-year statute of limitations."). We do not consider DeLeon's other arguments because he did not raise them before the district court. Nyland, 216 F.3d at 1265.

Based on a review of the record and the parties' briefs, we conclude that the district court did not err when it found no extraordinary circumstances existed to equitably toll the one-year filing period. Accordingly, we affirm the district court's denial of DeLeon's petition for a writ of habeas corpus.

AFFIRMED.[1]

---

[1] DeLeon's request for oral argument is DENIED.