[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13084
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-22860-MGC

LUIS A. PEREZ,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 28, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Luis Perez, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition as untimely under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  The district court adopted the magistrate judge's finding that Perez was not entitled to equitable tolling of the statutory period because he had not demonstrated diligence in pursuing his rights.  The district court then granted a certificate of appealability ("COA") as to whether Perez's claim was time-barred and whether equitable tolling should have applied.  On appeal, Perez does not dispute that the one-year limitation period had expired, but argues that the limitation period should be equitably tolled because he exercised due diligence and extraordinary circumstances prevented him from timely filing his federal petition.  The extraordinary circumstances that Perez asserts include his illiteracy, ignorance of the law, *pro se* status, lack of English-language proficiency, and dependence on the assistance of inmate law clerks.  Additionally, he asserts that the prison employees' harassment of other inmates who were assisting him with his habeas petition presented him from timely filing.  He also asserts, for the first time on appeal, that the prison's lack of Spanish-language legal materials prevented him from timely filing.

2

We review *de novo* the district court's denial of a 28 U.S.C. § 2254 petition as untimely. *See Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir. 2000). We also review *de novo* the district court's denial of equitable tolling of the statutory period. *Chavez v. Sec'y, Fla. Dep't of Corrs.*, 647 F.3d 1057, 1060 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1018 (2012). However, we do not consider arguments raised for the first time on appeal. *Nyland v. Moore*, 216 F.3d 1264, 1265 (11th Cir. 2000) (involving a *pro se* § 2254 petitioner). We review a district court's factual findings for clear error, and will affirm the findings of fact unless "the record lacks substantial evidence" to support the determinations. *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1283 (11th Cir. 2002) (citation omitted). A determination regarding whether a party exercised diligence is a factual finding that we review for clear error. *Id.*

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, a § 2254 petition is governed by a one-year statute of limitations that begins to run on the latest of four triggering events, one of which being the date on which a judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period for filing a § 2254 petition is tolled while a properly filed application for state post-conviction review is pending. 28 U.S.C. § 2244(d)(2). Here, the parties do not dispute that the one-year limitations period had expired, and Perez concedes

3

that his federal habeas petition was untimely.  Thus, the only issue on appeal is the applicability of equitable tolling.

The statute of limitations may be equitably tolled only when a petitioner shows (1) that he pursued his rights diligently, and (2) "that some extraordinary circumstance" prevented a timely filing.  *Holland v. Florida*, 560 U.S. __, __, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGulielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).  Equitable tolling is an extraordinary remedy that is limited to rare and exceptional circumstances.  *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotation marks omitted).  However, its application requires flexibility and review on a case-by-case basis.  *Holland*, 560 U.S. at __, 130 S. Ct. at 2563.  The petitioner seeking equitable tolling bears the burden of showing that it is warranted.  *Hunter*, 587 F.3d at 1308.

Although we have characterized the equitable tolling standard as a two-part test, requiring a defendant to establish both extraordinary circumstances and due diligence, courts need not consider whether extraordinary circumstances exist if a petitioner's delay in filing the federal habeas petition exhibits a lack of due diligence.  *Diaz v. Sec'y for Dep't of Corrs.*, 362 F.3d 698, 702 & n.7 (11th Cir. 2004) (expressly refusing to consider Diaz's extraordinary circumstances argument in light of his unexplained 532-day delay in filing his § 2254 petition).  We have held that a prisoner was not entitled to equitable tolling where he claimed to have

4

contacted the state court by mail to determine the status of his case, but did not provide any evidence or information about his alleged contact attempts. *Drew*, 297 F.3d at 1288-89. We have also held that a prisoner's failure to set forth grounds to excuse his delay in seeking state habeas relief "precludes a finding that he exercised due diligence." *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (discussing the due diligence requirement of then 28 U.S.C. § 2255 ¶ 6(4), now located at § 2255(f)(4)).

An inability to understand English does not constitute extraordinary circumstances justifying equitable tolling. *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005). Furthermore, we have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion. *See Rivers*, 416 F.3d at 1323 (stating in the context of a § 2255 proceeding that lack of an education was no excuse for delayed efforts to vacate a state conviction). As with any litigant, *pro se* litigants "are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

We conclude from the record here that the district court did not clearly err in adopting the magistrate judge's finding that Perez had not demonstrated diligence in pursuing his rights, as Perez did not set forth grounds to explain or excuse his delay. Even assuming that Perez satisfied the due-diligence requirement, none of

5

the circumstances he alleged before the district court constituted extraordinary circumstances to justify equitable tolling, and we will not consider his newly-raised argument that the prison lacked sufficient Spanish-language legal resources.  Accordingly, Perez has not met his burden of showing that equitable tolling is warranted.  Thus, we affirm the district court's judgment denying Perez's habeas petition.

**AFFIRMED.**