[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13071
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00096-CDL

GARY RAY SPEARS,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.
_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 7, 2015)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Gary Ray Spears, a Georgia prisoner represented by counsel on appeal,

appeals the district court's denial of his *pro se* petition for a writ of habeas corpus,

under 28 U.S.C. § 2254, as untimely filed under the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). On appeal, Spears argues that he is entitled to equitable tolling because (1) his plea counsel led him to believe he had no right to an appeal; and (2) mental health issues, medication, and prison transfers prevented him from timely filing a § 2254 petition. After careful review, we affirm.

## I.

Spears was indicted in February 2010 on counts of murder, felony murder, aggravated assault, aggravated battery, possession of a firearm during the commission of a crime, and kidnapping. The State originally sought the death penalty. Following plea negotiations, Spears pled guilty to a subset of these offenses and was sentenced to life imprisonment without parole in March 2001. He did not file a direct appeal.

Before pleading guilty, Spears stated in his "petition to enter plea of guilty" that he intended to plead "guilty but mentally ill." *See* O.C.G.A. § 17–7–131 (explaining when a court may accept a "guilty but mentally ill" plea and defining the term "mentally ill"). Spears's present § 2254 petition reflects his belief that he entered such a guilty plea. However, nothing in the guilty-plea transcript or the trial court's written judgment indicates that he pled "guilty but mentally ill."

2

At Spears's guilty-plea hearing, Spears's counsel stated that Spears was taking Zoloft and that he "had some psychological problems." Spears told the court that taking Zoloft did not affect his ability to understand what was going on. Spears's counsel also stated,

> [Spears] has chosen life and he has chosen to accept the responsibility for the tragedy and he knows because of this hope for redemption and his faith that he will be redeemed and that perhaps even though he is pleading to life without parole that one day he may be reunited with his family. There will be no trial and there will be no endless years of appeals and things like that . . . . It ends today and their wounds can begin to heal today . . . .

In December 2007, Spears filed his first collateral challenge to his conviction—a habeas-corpus petition in Georgia state court. He alleged claims of ineffective assistance of counsel and challenged whether his guilty plea was knowing and voluntary. At the state habeas evidentiary hearing, Spears's former counsel testified that he initially had considered an insanity defense for Spears. However, counsel explained, a mental health expert evaluated Spears, and, although the evaluation showed that Spears had "some anti-social disorders," it did not provide a sufficient basis for an insanity defense. Counsel also testified that he believed based on numerous interactions and communications with Spears that Spears was competent to enter a guilty plea. The state court denied Spears's habeas petition on October 7, 2011.

3

In June 2012, Spears filed the instant federal petition for a writ of habeas corpus, under 28 U.S.C. § 2254, raising similar arguments to those that he made in his state petition. In his § 2254 petition, Spears appears to concede that the petition was untimely but asserts that the untimeliness may be excused because his counsel misled him into believing that he had no right to an appeal, and because, once convicted, he was transferred "from prison to prison in a state of psychotherapy drug-induced near sedation." The State moved to dismiss Spears's § 2254 petition as untimely filed.

In response to the State's motion to dismiss, Spears explained that he did not seek information about his appeal or post-conviction rights for years following his conviction because, based on his attorney's statements at the guilty-plea hearing, he did not believe that he had the right to appeal. In addition, Spears reiterated that he "was transferred from prison to prison while drugged to near-sedation," which, he asserted, made it difficult to establish any connection with his fellow prisoners and learn that his attorney was incorrect. In support, Spears also submitted prison records showing that he had been transferred between prisons five times for mental-health reasons from August 2001 to April 2002.

Without holding an evidentiary hearing, a magistrate judge entered a report and recommendation rejecting Spears's arguments for equitable tolling and recommending that his § 2254 petition be dismissed as untimely. The judge found

4

that Spears had not established an extraordinary circumstance that prevented timely filing and that Spears had not exercised due diligence because he provided no explanation of his actions from the time of the guilty plea in 2001 until the time that he filed for state post-conviction relief in 2007. The district court overruled Spears's *pro se* objections, adopted the magistrate judge's report and recommendation, dismissed Spears's § 2254 as untimely, and denied a certificate of appealability ("COA"). This appeal followed.

This Court appointed Spears counsel and granted a COA on the following issue: "Whether the district court erred in finding, without holding an evidentiary hearing, that Mr. Spears was not entitled to equitable tolling for the filing of his petition under 28 U.S.C. § 2254."[1]

## II.

We review *de novo* a district court's dismissal of a petition for a writ of habeas corpus. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1283 (11th Cir. 2002). We likewise review *de novo* a district court's legal decision on equitable tolling. *Id.*

---

[1] The COA in this case is arguably defective because it does not "specify what constitutional issue jurists of reason would find debatable." *Spencer v. United States*, 773 F.3d 1137, 1138 (11th Cir. 2014) (*en banc*), *petition for cert. filed*, (U.S. Feb. 12, 2015) (No. 18-8449). As we explained in *Spencer*, "[e]ven when a prisoner seeks to appeal a procedural error, the certificate must specify the underlying constitutional issue." *Id.* Although *Spencer* indicated that this Court, going forward, would vacate COAs which do not specify the underlying constitutional issue, *id.*, the COA in this case was issued well before the decision in *Spencer*. And given that the equitable-tolling issue has been fully briefed and neither party has addressed whether the COA is defective, we exercise our discretion to resolve the issue specified in the COA. *See id.* at 1137-38; *Gonzalez v. Thaler*, 132 S. Ct. 641, 649-52 (2012) (holding that a defective COA does not deprive an appellate court of jurisdiction).

5

However, we review for clear error the court's determination of the relevant facts. *Id.* In this regard, the district court's determination regarding a party's diligence is a factual finding reviewed for clear error. *Id.* Finally, we review for an abuse of discretion a district court's decision whether to conduct an evidentiary hearing on an equitable-tolling claim. *Id.*

### III.

Under the AEDPA, § 2254 habeas petitions are subject to a one-year statute of limitations that begins to run on the latest of four triggering events. *See* 28 U.S.C. § 2244(d)(1). Here, the relevant trigger was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review." *Id.* § 2244(d)(1)(A). There is no dispute that Spears's § 2254 petition was filed beyond the one-year time limit.

However, the district court may still review the merits of an untimely § 2254 petition if the petitioner shows that he is entitled to equitable tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). To do so, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). In proving an "extraordinary circumstance," a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late

6

filing of the petition." *San Martin*, 633 F.3d at 1267. The extraordinary circumstance must be "unavoidable even with diligence." *See Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). The diligence required is "reasonable diligence, not maximum feasible diligence." *San Martin*, 633 F.3d at 1267 (internal quotation marks omitted). The petitioner has the burden of proving that circumstances justify applying the equitable-tolling doctrine.[2] *Id.* at 1268.

Here, the district court did not err in finding, without holding an evidentiary hearing, that Spears was not entitled to equitable tolling for the filing of his § 2254 petition. First, Spears has not shown that his attorney's misleading advice that he did not have the right to an appeal was an extraordinary circumstance that affected his ability to file a timely § 2254 petition. *See San Martin*, 633 F.3d at 1267. To the extent that Spears contends that his counsel was negligent in misadvising him, we are bound by our precedent holding that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481 (11th Cir.

---

[2] Spears's counsel "questions whether the Eleventh Circuit's formulation of his burden survives *Holland*." There is no question. Both *Holland* and our cases applying *Holland* clearly place the burden of establishing entitlement to equitable tolling on the petitioner. *Holland*, 560 U.S. at 649, 130 S. Ct. at 2562; *see, e.g.*, *San Martin*, 633 F.3d at 1267-68. The Court in *Holland*, in deciding whether § 2244(d)(1) was subject to equitable tolling, explained that there is a general presumption that non-jurisdictional federal statutes of limitations are subject to equitable tolling. *Holland*, 560 U.S. at 646, 130 S. Ct. at 2560-61. But *Holland* does not suggest that federal courts should presume that a specific petitioner is entitled to equitable tolling.

2014).  Therefore, even assuming that his attorney was negligent, equitable tolling would not be warranted on that basis.

Spears also has not shown how his attorney's misleading advice regarding his appellate rights prevented him from timely filing a § 2254 petition.  *See Holland*, 560 U.S. at 649, 130 S. Ct. at 2562.  While we understand why Spears might have chosen to rely on his counsel's advice, he had the ability to choose not to rely upon it.  We have stated that "*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations."  *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) (concerning the one-year limitation period for motions by federal prisoners under 28 U.S.C. § 2255).  And we have not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion.  *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness" (quoting *Johnson v. United States*, 544 U.S. 295, 311, 125 S. Ct. 1571, 1582 (2005)).

Nonetheless, even assuming, *arguendo*, that Spears was able to show that his attorney's misleading advice constituted an extraordinary circumstance that prevented him from filing both a direct appeal and a timely § 2254 motion, Spears has failed to show he was reasonably diligent in pursuing his rights, as explained

8

below.  Before reaching the question of due diligence, however, we first address Spears's other alleged extraordinary circumstance.

Regarding Spears's allegations about his mental incapacity and prison transfers, some basis exists for concluding that Spears was prevented from timely filing a § 2254 petition by extraordinary circumstances for some period of time. Spears specifically alleged that he "was transferred from prison to prison while drugged to near-sedation."  While this allegation is fairly conclusory, the prison-transfer form offers some support, indicating that he was transferred five times for mental health reasons during the AEDPA limitation period.  And several of the transfers were in quick succession.  Over roughly a three-month period, from January 18, 2002, to April 11, 2002, Spears was transferred four times for mental-health reasons.  Based on these facts, the period in which Spears was "drugged to near-sedation" and transferred between prisons may constitute an exceptional circumstance for purposes of equitable tolling because it would have been outside of his control and unavoidable even with due diligence.  *See Sandvik*, 177 F.3d at 1271-72.  *But see Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (indicating that equitable tolling is inapplicable for periods of lockdown or for routine prison transfers).

But Spears's remaining allegations of mental incapacity are insufficient to show a causal connection to his untimely filing.  "[M]ental impairment is not *per*

9

*se* a reason to toll a statute of limitations." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Rather, the alleged impairment must have affected Spears's ability to file a timely habeas petition. *Id.*; *see Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005). In *Lawrence*, we concluded that a petitioner's allegations that his full-scale IQ was 81 and that he had "suffered from mental impairments his entire life" alone were insufficient to justify equitable tolling because they did not establish a "causal connection between his alleged mental incapacity and his ability to file a timely petition." 421 F.3d at 1226-27. By contrast, in *Hunter*, we found that an evidentiary hearing was necessary where the petitioner's evidence of his significant, irreversible mental retardation and illiteracy raised a factual issue as to whether his mental impairment affected his ability to timely file a federal petition. 587 F.3d at 1309-10. Here, the record indicates that Spears has some history of mental-health issues and medication, but, as in *Lawrence*, Spears has not explained how his mental-health issues or medication, apart from the drug-induced prison transfers, affected his ability to file a timely petition.

Yet even if Spears had established an extraordinary circumstance, as explained above, "equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). Here, the magistrate judge found that Spears

did not exercise due diligence because "nothing in the record indicat[ed] that Petitioner attempted to pursue his rights until 2007." The district court adopted this finding. We review this factual determination for clear error, and Spears has offered no reason to conclude that this determination lacks substantial evidence in the record. *See Drew*, 297 F.3d at 1289-90.

Looking only at the period between what appears to be Spears's last prison transfer in April 2002 (to Hays State Prison, where he was incarcerated at the time of his state habeas petition) and the filing of Spears's petition for a writ of habeas corpus in state court in December 2007, Spears has not alleged that he took any action to pursue his rights. Rather, he explained that he did not seek information about his appeal or post-conviction rights for years following his conviction because he believed that he did not have the right to appeal. But, as explained previously, procedural ignorance is not an excuse for prolonged inattention when a statute calls for prompt action. *See Rivers*, 416 F.3d at 1323. While it may be true, as Spears's counsel argues, that any assessment of what is "reasonable" diligence must take into account Spears's mental illnesses and the fact that he was told that he could not appeal, the record supports the district court's finding that Spears did not exercise reasonable diligence because he took no action to pursue his rights until 2007.

11

Finally, we are satisfied that the district court did not abuse its discretion in failing to hold an evidentiary hearing on equitable tolling.  In *Drew*, this Court explained that the decision as to whether to hold an evidentiary hearing on equitable tolling is committed to the sound discretion of the district court because § 2244 "does not require a hearing on the issue of time-bar or equitable tolling." *Drew*, 297 F.3d at 1292.  While an evidentiary hearing may be necessary where material facts are in dispute, an evidentiary hearing is not required where no basis exists  to believe that further inquiry would help the petitioner prove entitlement to equitable tolling.  *San Martin*, 633 F.3d at 1271-72; *Drew*, 297 F.3d at 1292.  Here, Spears has offered no reason to believe, by way of allegations or supporting evidence, that further inquiry by the district court would help him prove that he pursued his rights diligently.

Accordingly, the district court did not err in finding, without holding an evidentiary hearing, that Spears was not entitled to equitable tolling for the filing of his § 2254 petition.  We therefore affirm the district court's dismissal of Spears's § 2254 petition as time barred.

**AFFIRMED.**