[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12414
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-00918-JDW-MAP


JESUS AUREOLES,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 9, 2015)

Before MARCUS, WILLIAM PRYOR, and COX, Circuit Judges.

PER CURIAM:

Jesus Aureoles, a Florida prisoner proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.  This court granted a certificate of appealability on one issue: "[w]hether the district court erred in dismissing Aureoles's 28 U.S.C. § 2254 petition as time-barred."

We review de novo the district court's dismissal of a § 2254 petition as time-barred.  *Damren v. Florida*, 776 F.3d 816, 820 (11th Cir. 2015).  We also review de novo the denial of equitable tolling.  *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011).  We review the district court's factual determinations for clear error.  *Damren*, 776 F.3d at 820.  As in other civil matters, a harmless error in a judgment on a § 2254 petition, which does not affect a party's substantial rights, is not a basis for vacating or modifying the judgment.  FED. R. CIV. P. 61.

A district court may consider the timeliness of a state prisoner's § 2254 petition sua sponte.  *Day v. McDonough*, 547 U.S. 198, 209, 126 S. Ct. 1675, 1684 (2006).  If the district court considers the timeliness of the petition sua sponte, it must give the parties "fair notice and an opportunity to present their positions."  *Id.* at 210, 126 S. Ct. at 1684 (citations omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year statute of limitations period for petitions filed under § 2254, which begins running, as pertinent here, on the date on which the judgment became final.  28

U.S.C. § 2244(d)(1)(A).  The one-year limitations period is statutorily tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).  However, a state petition does not revive the limitations period if the petition is filed after the limitations period has expired.  *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003).

If a prisoner files his § 2254 petition more than one year after the judgment becomes final, the petition may still be timely if the petitioner is entitled to equitable tolling.  *Damren*, 776 F.3d at 821.  A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition.  *Id.*

The district court erred by dismissing Aureoles's § 2254 petition sua sponte as time-barred before granting him fair notice and an opportunity to respond.  *Day*, 547 U.S. at 209–10, 126 S. Ct. at 1684.  Nevertheless, the court considered Aureoles's arguments for equitable tolling on their merits when it reviewed his motion for a certificate of appealability, and it did not err in concluding that Aureoles filed an untimely petition.  Aureoles's § 2254 petition was filed after the one-year statute of limitations expired because more than one year elapsed between the date on which his convictions became final and the date on which he filed his first state post-conviction motion.

3

Aureoles presented no extraordinary circumstances that justified equitable tolling. His allegations of an inability to understand English and a lack of formal education did not establish extraordinary circumstances that warranted equitable tolling. *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005). His claim that he received misinformation from a law clerk did not establish an extraordinary circumstance, as we do not usually permit claims of misinformation to justify equitable tolling when a petitioner has been misinformed by an attorney. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001). Finally, Aureoles was not entitled to equitable tolling based on the prison's failure to provide him with Spanish-language legal materials. He was required to provide details about the steps he took to file a timely § 2254 petition and the steps he took to find out about the statute of limitations. *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir.), *modified in part on other grounds on reh'g*, 459 F.3d 1310 (11th Cir. 2006). He was also required to provide details about when he discovered the prison library's deficiency. *Id.* He did not do so.

Because Aureoles presented no grounds for equitable tolling, the district court did not err in concluding that his § 2254 petition was time-barred. And, the court's dismissal of the petition before providing Aureoles with fair notice and an

4

opportunity to respond was harmless error.  Therefore, we affirm the dismissal of Aureoles's § 2254 petition.

AFFIRMED.