**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11992

Non-Argument Calendar

_____

W. LAWRENCE LENEVE,
  a.k.a. Larry LeNeve,

                                                        *Plaintiff-Appellant,*

*versus*

UNITED STATES OF AMERICA,

                                                        *Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:25-cv-80498-DMM

_____

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

William LeNeve appeals the district court's order denying his *pro se* petition for a writ of error coram nobis.  He argues that

the district court erred in summarily denying his petition because "no verbatim record or transcript" of his 2006 plea colloquy exists, which he maintains is a jurisdictional defect that requires vacatur of the judgment. He maintains that he demonstrated sound reasons for the delay in filing the petition because he did not learn of the lack of a record of the plea colloquy until completion of his sentence and because his trial counsel was ineffective.[1] After review, we affirm.

## I.    Background

In 2006, LeNeve pleaded guilty to bankruptcy fraud pursuant to a written plea agreement. He was sentenced to 60 months' imprisonment followed by three years of supervised release. LeNeve did not file a direct appeal, and he completed his sentence in November 2013.

Almost 12 years later, he filed the underlying petition for a writ of error coram nobis. He argued that the district court had "accepted [his] plea and did not hold any semblance of the mandatory elements" for a valid plea under Federal Rule of Criminal Procedure 11, including failing to hold a change-of-plea

---

[1] LeNeve also alleges that the district court erred in recharacterizing his coram nobis petition as a motion to vacate sentence under 28 U.S.C. § 2255 because he is no longer in custody and thus relief is not available to him under § 2255. However, contrary to LeNeve's contention, the record establishes that the district court did not recharacterize his petition as a § 2255 motion and properly treated it as a petition for writ of error coram nobis. Accordingly, we do not address this issue further.

25-11992                  Opinion of the Court                    3

hearing[2] or to create a record of the hearing. He further asserted that his trial counsel was ineffective for failing to ensure that Rule 11 was followed and for purportedly misadvising LeNeve that he had waived his right to appeal.[3] He asserted that, because Rule 11 was not followed, the district court lacked jurisdiction, and the judgment must be vacated.

The district court summarily denied the petition, concluding that LeNeve was not entitled to relief because he failed to present sound reasons for not seeking relief sooner. The district court explained that LeNeve failed to allege when the alleged errors became known to him, and noted that he could have challenged

---

[2] Despite LeNeve's contentions that no plea hearing was held, we note that the criminal docket contains a minute entry for a change-of-plea hearing on December 14, 2006.

[3] We note that LeNeve's plea agreement contained a sentence-appeal waiver in which he

> waive[d] all rights conferred by [18 U.S.C. §] 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceed[ed] the maximum permitted by statute or [was] the result of an upward departure from the guideline range that the Court establish[ed] at sentencing, or to file any other direct appeal of any sentence imposed.

He also waived his right to collaterally attack the conviction. However, the appeal waiver would not have barred a challenge to the validity of LeNeve's guilty plea. *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015) (explaining that it is well-established that an appeal waiver does not bar a Rule 11 challenge that goes to the validity of the plea itself).

the validity of his plea on direct appeal, and he could have raised his ineffective-assistance claim in a § 2255 motion, but chose not to do so.

LeNeve filed a timely motion for reconsideration in which he reiterated the merits of his petition. The district court denied the motion, and this appeal followed.

## II.    Discussion

LeNeve argues that the district court erred in summarily dismissing his petition for a writ of error coram nobis because no record of his 2006 plea colloquy exists, which he maintains is a jurisdictional defect that renders the judgment in his case unconstitutional. He maintains that he demonstrated sound reasons for the delay in filing the petition because he did not learn of the lack of a record of the plea colloquy until completion of his sentence and because his trial counsel was ineffective for failing to ensure that the requirements of Rule 11 were followed and for advising him that he had waived his right to appeal.

The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts with the authority to issue writs of error coram nobis. *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). Because "the results of [a] conviction may persist," the writ makes relief available to a petitioner who has served his sentence and is

no longer in custody. *Id.* (quotations omitted). "The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Mills*, 221 F.3d at 1203. "To obtain coram nobis relief, a petitioner must present sound reasons for failing to seek relief earlier." *Gonzalez v. United States*, 981 F.3d 845, 851 (11th Cir. 2020) (alteration adopted) (quotations omitted).

"The bar for coram nobis relief is high." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). The writ may issue only when (1) no other avenue of relief is, or was, available, and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Id.* (quotations omitted).

We review the "district court's denial of coram nobis relief . . . for abuse of discretion." *Peter*, 310 F.3d at 711. We review the district court's determination of whether a petitioner has presented sound reasons for failing to seek relief earlier for clear error. *Gonzalez*, 981 F.3d at 850–51.

Here, the district court did not abuse its discretion in denying LeNeve's petition for a writ of error coram nobis because he did not satisfy the requirements for coram nobis relief. First, LeNeve had the opportunity to raise these alleged errors through prior proceedings, such as a direct appeal or a § 2255 motion, but he failed to do so. Thus, these claims were not proper in a writ of error coram nobis. *Alikhani*, 200 F.3d at 734 ("[T]he writ is

appropriate only when there is *and was no other available avenue of relief.*" (emphasis added)).

Second, the district court did not clearly err in determining that LeNeve failed to present sound reasons for failing to seek relief earlier. *Gonzalez*, 981 F.3d at 851. LeNeve failed to state in his petition when he learned of the alleged errors or why there was such a lengthy delay in seeking relief from his 2006 conviction. Even accepting his contention in his reply brief on appeal that he did not learn of the lack of a Rule 11 transcript until after the competition of his sentence,[4] he failed to explain the almost 12-year delay between the completion of his sentence in November 2013 and the filing of the underlying petition in April 2025. Although LeNeve urges this Court to consider his lack of legal training which he asserts delayed his understanding of the alleged jurisdictional defects, generally an ignorance of the law does not warrant excusing such a lengthy delay in seeking relief. *Id.* at 853 ("After all, procedural ignorance is not an excuse for prolonged inattention when the law calls for diligence." (quotations omitted)); *see also Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (rejecting a "lack of education" as a sufficient reason for a delay in filing a

---

[4] We note that the record belies LeNeve's contention that he was unaware of the lack of Rule 11 transcript until after the completion of his sentence. Specifically, in a post-conviction proceeding in 2010, LeNeve referenced the alleged missing transcript in his objections to the magistrate judge's report and recommendation. Thus, it appears that LeNeve was made aware of the missing transcript at the latest almost 15 years ago, which further undermines his claim of sound reasons for the delay in filing the instant petition.

25-11992                 Opinion of the Court                    7

§ 2255 motion).  Thus, the district court did not clearly err in determining that LeNeve failed to present sound reasons for not seeking relief from these alleged errors earlier.  And because he failed to present sound reasons, he was not entitled to a writ of error coram nobis.[5]  *See Gonzalez*, 981 F.3d at 851.

     **AFFIRMED.**

---

[5] While we conclude that the district court did not abuse its discretion in denying the writ, we also note that, contrary to LeNeve's contention, "a formal violation" of the requirements of Rule 11 "is neither constitutional nor jurisdictional." *United States v. Timmreck*, 441 U.S. 780, 783 (1979).  Thus, even assuming that non-compliance with the requirements of Rule 11 occurred in LeNeve's case, such an error would not have deprived the district court of jurisdiction or rendered the judgment unconstitutional.  *Id.*